## 30132. REID et al. v. THE STATE.

HILL, Justice.

Defendants Clarence Reid and Nathaniel Mosely appeal from the overruling of their amended motions for new trial following a joint trial, verdicts of guilty of armed robbery and sentences to life imprisonment. Through appointed counsel, appellants have enumerated as error the general grounds and the admission of a photograph.

Appellants, pro se, have filed a motion pointing out that their counsel have not enumerated as error for review by this court two special grounds of their amended motion for new trial. On this basis, appellants contend that they are being ineffectively represented, and they have moved that this case be remanded to the trial court for the appointment of new and competent counsel. We will consider this motion first.

1. An indigent defendant has the right to be represented by counsel upon appeal of his criminal conviction. Douglas v. California, 372 U. S. 353 (83 SC 814, 9 LE2d 811) (1963). He has the right to be advised of and insist upon his right of appeal (*Thornton v. Ault,* 233 Ga. 172 (210 SE2d 683) (1974); *Holloway v. Hopper,* 233

Ga. 615 (212 SE2d 795) (1974)), subject to the right of appointed counsel not to be required to pursue a wholly frivolous appeal, by following the procedures set forth in Anders v. California, 386 U. S. 738 (87 SC 1396, 18 LE2d 493) (1967).

In this case, appellants' motion raises the issue: Does appellants' right to be represented by counsel on appeal include the right to insist that appointed counsel enumerate as error specified rulings of the trial court as to which appellants, but not counsel, urge appellate review? Stated differently, the question presented is, to what extent does an appellant have the right to control decisions of appellate counsel relating to the conduct of the appeal.

Because the question is one of first impression, perhaps some guidance may be obtained by considering to what extent a defendant has the right to control decisions of appointed trial counsel relating to the conduct of the trial. On this matter, the ABA Standards, relating to the Administration of Criminal Justice (1974) are clear (ABA Standards, The Defense Function § 5.2): "Control and direction of the case. (a) Certain decisions relating to the conduct of the case are ultimately for the accused and others are ultimately for defense counsel. The decisions which are to be made by the accused after full consultation with counsel are: (i) what plea to enter; (ii) whether to waive jury trial; (iii) whether to testify in his own behalf. (b) The decisions on which witnesses to call, whether and how to conduct cross-examinations, what jurors to accept or strike, what trial motions should be made, and all other strategic and tactical decisions are the exclusive province of the lawyer after consultation with his client."

It would appear that if appointed trial counsel has exclusive control over what jurors to strike, what witnesses to call, what questions to ask, what motions and objections to urge, and what arguments to make before the court and jury, then appointed counsel on appeal should have exclusive control over what errors to urge and argue before the appellate court.[1] However, the ABA

---

[1]See McClendon v. People, 174 Colo. 7·( 481 P2d 715) (1971), holding that appellate counsel has the authority to

Standards do not expressly provide appellate counsel such exclusive control of the scope of the appeal, and those standards even indicate that if counsel is unable to persuade the defendant that particular contentions are lacking in substance, it is "better for counsel" to present the matter so long as this does not involve misleading the court or compromising professional standards (ABA Standards, Criminal Appeals § 3.2 (b); Providing Defense Services § 5.3). However, our inquiry here is not what is "better" practice but is what is the consequence when that practice has not been followed.

Douglas v. California, supra, dealt with the rights of an indigent appellant vis-a-vis the state. Anders v. California, supra, dealt with the rights of the appellant vis-a-vis his appellate counsel. Anders held that if appellate counsel conscientiously decides that the appeal is wholly frivolous, he should so advise the appellate court and then request permission to withdraw, at the same time furnishing the court and the indigent with a brief of anything in the record arguably supporting the appeal.

Do Douglas v. California and Anders v. California mean that appellate counsel should insist upon and argue those grounds of appeal counsel decides are meritorious, and also request permission not to be required to insist upon and argue those grounds urged by the appellant which counsel decides are wholly frivolous? Although Anders alone could mean just that, we do not believe that it does because Anders is an application of Douglas, and the reasons on which Douglas is predicated show that appellate counsel controls the scope of the appeal.

Douglas v. California held that an indigent has the right to be represented by counsel on appeal of his conviction because a rich man enjoys the benefit of counsel's examination of the record, research of the law and marshaling of arguments on his behalf, while the indigent without counsel is forced to shift for himself. Where counsel appointed to represent an indigent has examined the record, researched the law and marshaled the arguments on behalf of the indigent (at the same time

---

decide to submit the case on appeal without oral argument.

discarding those grounds of appeal which his review of the record and research of the law shows are without merit), then the indigent has been afforded representation of counsel equal to that of the rich man. Where appointed counsel has examined the record, researched the law and evaluated the arguments, the requirements of Douglas v. California have been met and the obligations of appellate counsel have been satisfied. The Anders decision was a qualification of the requirements of Douglas where the appeal was wholly frivolous; Anders was not an expansion of Douglas. Thus, where the requirements of Douglas have been met, Anders does not require an appeal of meritorious grounds accompanied by an Anders brief of meritless grounds.

The appellants' pro se motion is therefore denied. For us to reach the opposite result would be to say that appellants are entitled to examine the record, research the law and marshal the arguments by themselves, in addition to having the benefit of advice of counsel. Such a result would be directly contrary to the correct assumption underlying Douglas v. California that indigent appellants require the assistance of counsel for the reason that they cannot do these very things for themselves.

We turn now to consideration of the enumerations of error raised by counsel.

2. Appellants, through counsel, argue that the evidence does not support the verdicts of guilty. In particular, they argue that the identification of the car in which the robbers fled the scene of the robbery (and hence the identification of the car in which appellants were arrested shortly thereafter following a high speed chase) and the identification of the appellants themselves by the three victims (two of the victims identified appellants in a lineup and all three identified them at trial), were insufficient to support the verdicts.

However, the appellants were identified by the victims and the jury accepted the victims' testimony. The evidence supports the verdicts and hence the general grounds are without merit.

3. The trial court did not err in admitting a photograph of the alleged get-away car, the car in which

appellants were arrested shortly after the robbery following a high speed chase. The car used by the robbers was described by the witnesses and the photograph was identified by police and by the witness who entered the store during the course of the robbery. We must reject the ingenuous suggestion of appellants' counsel that the photograph of the car in which appellants were arrested was unnecessarily suggestive and conducive to mistaken identification and thus should be in the category of tainted identification testimony. *Yancy v. State,* 232 Ga. 167 (205 SE2d 282) (1974), is applicable to people, not automobiles.

*Judgment affirmed. All the Justices concur, except Gunter and Ingram, JJ., who concur in the judgment only.*

SUBMITTED JULY 8, 1975 — DECIDED OCTOBER 21, 1975.

*Marion L. Bridges, J. Clark Landrum,* for appellants.

*W. J. Forehand, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.