37791, 37831. DANIEL v. THE STATE (two cases).

HILL, Presiding Justice.

John Henry Daniel was convicted of killing his ex-wife's boyfriend and was sentenced to life in prison. His retained attorney appeals on behalf of the defendant in Case No. 37791 and the defendant appeals, pro se, in Case No. 37831.[1]

The defendant confronted his ex-wife and her boyfriend when they arrived home at their duplex at about 10:35 the evening of June 2, 1979. He pointed a gun at them and told them not to move. The ex-wife went inside to call the police and the defendant left in his car. An eyewitness testified that he returned, parked on the street, and stood in the road. The boyfriend talked to him from inside the screen door saying he would not come out to fight or kill him. The defendant blasted him with a shotgun, fatally wounding him; then, started to drive away, returned and waited for the police, who arrested him. He admitted shooting the victim, but claimed he saw the victim with a shotgun, that the victim threatened him, and that, in fear, he picked his shotgun up while he was still sitting in his car, and it went off. He said that he did not intend to shoot the victim.

The jury was charged on murder and voluntary manslaughter

---

[1] In view of the fact that timely notices of appeal were filed by the defendant, pro se, and his counsel, we have two appeals docketed. The defendant raises the question of ineffective assistance of cousel, not as to counsel's choice of enumerations of error on appeal but as to counsel's failure to argue the motion for new trial. Judicial economy therefore suggests that we consider both appeals, and *Reid v. State,* 235 Ga. 378 (1) (219 SE2d 740) (1975), will not be followed here.

and the defenses of self-defense, justification and accident. The trial court refused to charge involuntary manslaughter upon the defendant's oral request. Following the jury's verdict of guilty of murder, a motion for new trial on the general grounds was filed on October 23, 1979. It was overruled on May 15, 1981.

1. The defendant enumerates as error, in Case No. 37791, the refusal to charge involuntary manslaughter. Since he did not request these charges in writing, he cannot raise this issue on appeal. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976). "The failure to instruct on a lesser included crime is not error, regardless of whether the evidence would have authorized or demanded such a charge, in the absence of a written request." *Walston v. State,* 245 Ga. 572, 573 (266 SE2d 185) (1980). Accord, *Maher v. State,* 239 Ga. 305 (5) (236 SE2d 647) (1977). The defendant points out that the assistant district attorney agreed that defendant's oral request to charge involuntary manslaughter was authorized by the evidence. However, the trial judge did not.

2. In his pro se appeal in Case No. 37831 the defendant raises questions of the sufficiency of the evidence, of the admissibility of the testimony of the state's witnesses, of the shifting of the burden of proof by the state, of his mental competency to stand trial, of the court sentencing him, and of the effectiveness of his counsel.

The evidence was clearly sufficient to support the verdict of murder under the standards set out in Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

Insofar as the defendant asserts that his ex-wife's testimony was perjured, he has failed to show, as required, that her testimony was perjured or that the state knowingly used her perjured testimony. *Ross v. Hopper,* 240 Ga. 369 (1) (240 SE2d 850) (1977); see Alcorta v. Texas, 355 U. S. 28 (78 SC 103, 2 LE2d 9) (1957). We find no error. Similarly, we find no error in allowing the testimony of the other witnesses called by the state.

The defendant next asserts that the trial court erred in allowing the prosecutor to shift the burden of proof to the defendant by admitting photographs of the deceased into evidence and by permitting the prosecutor to make prejudicial remarks. In neither instance has the defendant shown in what way the prosecutor harmed him in an impermissible manner.

Since the defendant was examined by a psychiatrist and found competent to stand trial, we find no cause to reverse his conviction on his claim that his attorney and the prosecutor should have obtained medical assistance for him. See *Thomas v. State,* 245 Ga. 688 (5) (266 SE2d 499) (1980).

There is no error, as asserted, in the trial court, rather than the jury, sentencing the defendant. Code Ann. §§ 27-2301; 27-2503 (a);

*Westbrook v. State,* 242 Ga. 151 (6) (249 SE2d 524) (1978). Since the state waived the death penalty, the only sentence authorized on the jury verdict of murder was life imprisonment. Code Ann. § 26-1101 (c). Contrary to defendant's claims, the trial court charged the jury on the issue of intent.

Lastly, the defendant urges ineffective assistance of his retained counsel because his attorney failed to argue his motion for new trial, despite the $2000 fee his attorney was paid to represent him. Insofar as this enumeration raises a fee dispute, it cannot be raised in this litigation. See Arbitration of Fee Disputes, Amendments to Rules and Regulations for the Organization and Government of the State Bar of Georgia, Part I, Chapter 7, Rule 1-704, 247 Ga. A-2 through A-19, February 26, (1980). Insofar as he raises an issue of law, we find no error. Since the motion for new trial raised only the general grounds and we have held that the evidence was sufficient to support the verdict under Jackson v. Virginia, supra, the defendant has not been harmed.

The trial court's judgment is affirmed.

*Judgment affirmed. Jordan, C. J., Marshall, Clarke, Smith and Gregory, JJ., concur.*

DECIDED SEPTEMBER 30, 1981.

Stanley H. Nylen, for appellant (case no. 37791).
John Henry Daniel, *pro se,* (case no. 37831).
*Lewis R. Slaton, District Attorney, Benjamin H. Oehlert III, Assistant District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Assistant Attorney General,* for appellee.