## 65366. LOVETT v. THE STATE.

QUILLIAN, Presiding Judge.

From his burglary conviction, the defendant appeals. *Held:*

1. It is contended that the trial judge erred in omitting a charge on the lesser included offense of theft by taking.

The transcript reveals that at the close of the evidence, the trial judge inquired of defendant's counsel as to whether he had any requests to charge and received a negative response. Subsequently, defense counsel did inquire: "Are you going to charge on theft by taking?" The court answered: "No. That's not involved." Counsel then replied: "It is on his testimony."

The court's failure to charge a lesser included offense is not reversible error unless the accused by "written application to the trial judge at or before the close of the evidence" requests such charge. *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354); *Bouttry v. State,* 242 Ga. 60, 61 (247 SE2d 859); *Daniel v. State,* 248 Ga. 271, 272 (282 SE2d 314). In the *Daniel* case the defendant orally requested a charge on involuntary manslaughter (a lesser included offense of murder) and the state agreed such charge was authorized by the evidence. However, the Supreme Court found no error.

This ground is not meritorious.

2. The trial judge thoroughly charged the principle of reasonable doubt. Thus, the fact that the trial judge interspersed his charge with two sentences admonishing the jury to use common sense in evaluating the evidence and testimony before determining whether there was a reasonable doubt did not serve to negate the remaining portions of the charge concerning a reasonable doubt and did not shift the burden unto the defendant or deprive him of the benefit of a reasonable doubt, as the defendant now contends.

*Judgment affirmed. Sognier and Pope, JJ., concur.*

DECIDED FEBRUARY 8, 1983.

*Jack E. Carney, Jr.,* for appellant.

 

*Dupont K. Cheney, District Attorney,* for appellee.