## A89A2038. ALVARADO v. THE STATE.
(391 SE2d 668)

BIRDSONG, Judge.

Appellant, German Alvarado, appeals his judgment of conviction of trafficking in cocaine and his sentence.

Appellant raises three enumerations of error. For reasons hereinafter discussed, we agree with appellant that the trial court erred in refusing to charge on the lesser included offense of possession of cocaine. *Held*:

The alleged trafficking offense occurred in 1987 when OCGA § 16-13-31 required proof of "actual possession." See *Lockwood v. State*, 257 Ga. 796 (364 SE2d 574). However, the offense of possession of cocaine under OCGA § 16-13-30 could be committed by having either actual or constructive possession of cocaine. *Christopher v. State*, 190 Ga. App. 393, 398 (6) (379 SE2d 205).

Appellant was alone in the car when it was stopped for a traffic offense; he voluntarily exited the car to get warm in the police patrol car and the trooper saw that a plastic door panel cover was affixed with rivets rather than factory-installed screws. The trooper became immediately suspicious that appellant's car contained a secret compartment. Subsequently, cocaine was found in the secret compartment; however, it was not readily accessible and was recovered only

after a car seat and side paneling were removed. Appellant denied any knowledge of the drugs. He further testified that en route he met a man who offered to buy the car and who made a partial down payment thereon. The man was given temporary possession of the car in Florida for three or four days. Appellant subsequently regained possession of the car to drive back to Chicago where transfer of car ownership to the buyer was to be made. The theory of the defense, in essence, was that the buyer or some other unknown person must have placed the drugs in the car.

It is not error for the trial court to refuse to give a lesser included offense charge when the evidence does not reasonably raise the issue. *Herndon v. State*, 187 Ga. App. 77 (5) (369 SE2d 264). The State asserts that the lesser included offense was not reasonably raised by the evidence, relying primarily on *Santone v. State*, 187 Ga. App. 789 (371 SE2d 428) and *Hernandez v. State*, 182 Ga. App. 797 (357 SE2d 131). The State's reliance on these cases is misplaced, as in both *Santone* and *Hernandez* the posture of the evidence established that there was no reasonable issue regarding the *type of possession*, actual or constructive, exercised by the defendant. In *Santone*, and *Hernandez*, any possession was actual and defendants were either guilty of the greater offense of trafficking or not guilty.

"The difference between actual and constructive possession, as those terms are defined under Georgia criminal law, is most assuredly one of degree. As stated in *Neal v. State*, 130 Ga. App. 708, 711 (2) (204 SE2d 451) . . . actual and constructive possession ' "often so shade into one another that it is difficult to say where one ends and the other begins." ' " *Dalton v. State*, 249 Ga. 720 (2) (292 SE2d 834); compare *Waters v. State*, 177 Ga. App. 374 (3) (339 SE2d 608); see also *Lockwood*, supra at 798, citing *Dalton*, supra; *Neal v. State*, supra. We find a jury issue exists as to whether appellant was exercising actual or constructive possession. Accordingly, the lesser offense of possession of cocaine was reasonably raised by the evidence, and the trial court committed prejudicial error in failing to instruct pursuant to appellant's *written* request. Compare *Lovett v. State*, 165 Ga. App. 379 (1) (301 SE2d 303).

Appellant's other enumerations of error are without merit.
*Judgment reversed. Deen, P. J., and Cooper, J., concur.*

DECIDED FEBRUARY 20, 1990 —
REHEARING DENIED MARCH 9, 1990 —

*Bates, Kelehear & Starr, Harlan M. Starr*, for appellant.
*Jack O. Partain III, District Attorney, Michael R. McCarthy,*

*Assistant District Attorney*, for appellee.