## S92A1408. BENTLEY v. THE STATE.
### (426 SE2d 364)

FLETCHER, Justice.

Joshua Lee Bentley was convicted of the murder of Samuel S. Dawson and of possession of a firearm during the commission of a felony.[1] Bentley was sentenced to life imprisonment for the murder and to a consecutive five-year probated term for the possession charge. He appeals and we affirm.

1. Considering the evidence in a light most favorable to the verdict, we conclude that a rational trier of fact could have found Bentley guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Bentley contends that his trial counsel was ineffective for several different reasons.[2] We have thoroughly reviewed each reason asserted as well as the transcript of the hearing on Bentley's motion for new trial wherein the effectiveness issue was developed and argued to the trial court. Having done so, we conclude that the conduct about which Bentley now complains was a series of strategic and tactical decisions made by trial counsel. The record is also clear as to the fact that these decisions were made only after trial counsel conducted a thorough investigation and preparation of the case for trial. Bentley has not demonstrated that his trial counsel failed to exercise reasonable professional judgment in handling the case and, thus, there is no merit to this enumeration. *Ferrell v. State,* 261 Ga. 115, 120 (401 SE2d 741) (1991). See also *Solomon v. State,* 247 Ga. 27 (1) (277

---

[1] The crimes occurred on November 22, 1990 and appellant was indicted on March 13, 1991. He was tried beginning on October 16, 1991 and, on October 18, 1991, was found guilty on both counts. On October 22, 1991, appellant was sentenced and, on November 4, 1991, filed a motion for new trial. That motion was denied on June 26, 1992 and a notice of appeal was filed on July 1, 1992. The case was docketed in this court on August 14, 1992 and was orally argued on October 14, 1992.

[2] Bentley's appellate counsel filed an amended motion for new trial raising the issue of the ineffective assistance of trial counsel and sought a hearing before the trial court on that issue. Following such hearing, the trial court denied the motion for new trial on all of the grounds asserted.

SE2d 1) (1981).

3. In his final enumeration of error, Bentley argues that the trial court erred by prohibiting him from introducing evidence of the victim's general character for violence. The state filed a motion in limine seeking to have the trial court prohibit the introduction of evidence concerning specific prior acts of violence by the victim.[3] In arguments concerning that motion, there was also discussion and argument concerning evidence of the victim's general character or reputation for violence. The trial court held:

> If the evidence develops to the point where you think it [evidence concerning the victim's general reputation for violence] should be admitted, ask me to excuse the jury before you start questioning on that and I'll take a look at the situation and make a ruling on that basis.

Our law is clear that evidence as to the victim's general reputation for violence is admissible only after "a prima facie showing that the victim was the aggressor, that the victim assaulted the defendant, and that the defendant was honestly trying to defend himself." *Chapman v. State*, 258 Ga. 214, 215 (367 SE2d 541) (1988). Accordingly, the trial court's preliminary ruling was correct. During the presentation of its case-in-chief, the defense did not follow up on that preliminary ruling by seeking to introduce evidence as to the victim's general reputation for violence and, as a result, there is nothing further for us to review.

*Judgment affirmed. Clarke, C. J., Hunt, P. J., Benham, Sears-Collins, Hunstein, JJ., and Judge P. Harris Hines concur.*

DECIDED FEBRUARY 25, 1993.

*Mark J. Nathan*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jon C. Hope, Assistant District Attorney, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, C. A. Benjamin Woolf, Assistant Attorney General*, for appellee.

---

[3] The case was tried subsequent to the publication of *Chandler v. State*, 261 Ga. 402 (405 SE2d 669) (1991) in the advance sheets. However, the parties agree that the defense did not comply with the notice requirement of *Chandler*. Accordingly, specific acts of violence by the victim are not at issue in this enumeration of error.