## S94A1224. BLACKWELL v. THE STATE.

(448 SE2d 359)

BENHAM, Presiding Justice.

Appellant was convicted of murder, two counts of aggravated assault, aggravated sodomy, and robbery.[1] He was sentenced to life imprisonment for the murder, and given three ten-year sentences, to run concurrently with the life imprisonment, and one ten-year sentence to run consecutively to the life imprisonment, for the other crimes.

Appellant contends the evidence was not sufficient to authorize his convictions, and argues that the trial court erred in denying his motion for a directed verdict of acquittal. It is well-settled in Georgia that there is no error in denying a defendant's motion for a directed verdict of acquittal where the evidence is sufficient to authorize a rational jury to find a defendant guilty beyond a reasonable doubt. *Humphrey v. State*, 252 Ga. 525 (1) (314 SE2d 436) (1984). See also *Davis v. State*, 261 Ga. 255 (1) (403 SE2d 813) (1991). This appeal, therefore, is based on the sole issue of sufficiency of the evidence.

The State presented evidence that the victim had been manually strangled to death in her apartment after being bludgeoned by a blunt instrument, possibly a heavy metal ashtray that was found in the apartment. The victim was found with her hands bound behind her with a shoestring, and a plastic bag, affixed also with a shoestring, over her head. There was evidence the victim had been anally sodomized prior to her death. The victim's husband testified that cash and a green cigarette lighter that his wife "never loaned out" were missing from the home. Sunglasses and a paint-spattered watch were found in the victim's apartment.

Witnesses testified that appellant, a house painter, had told them throughout the evening of the homicide that he wanted to "meet some girls," and had propositioned more than one female that night. He spent a portion of the evening in an apartment above that occupied by the victim. After smoking crack cocaine with a group of

---

[1] The crime occurred on June 6, 1992, and appellant was arrested on June 14, 1992. A preliminary hearing was held on June 25, 1992, and the case was dismissed for lack of probable cause. Appellant was indicted on August 25, 1992, for one count of murder, and re-indicted on September 17, 1993, at which time he was charged with murder, felony murder, aggravated assault (two counts), aggravated sodomy and robbery. He was tried and convicted September 27-30, 1993, and sentenced on September 30. Appellant filed a motion for a new trial on October 20, 1993, which was denied on March 29, 1994. A notice of appeal was filed on April 27, 1994, and amended on May 2. The appeal was docketed in this court on May 10, 1994, and submitted for decision on briefs.

friends and talking about getting more crack and about the need for a cigarette lighter, appellant was taken downstairs and introduced to the victim by a member of the group. Appellant purchased crack cocaine from the victim and went back upstairs. Later, appellant left the upstairs apartment and was gone for a significant amount of time. He was seen entering the victim's apartment, and loitering in the vicinity. When appellant returned he was drenched in sweat, with his painter's cap, his watch and his sunglasses missing, and was in possession of a green cigarette lighter, several rocks of crack cocaine, and cash, none of which he had had earlier in the evening.

The evidence was sufficient for a rational trier of fact to conclude that appellant was guilty beyond a reasonable doubt of the crimes charged (*Jackson v. Virginia*, 443 U. S. 307, 99 SC 2781, 61 LE2d 560) (1979)), and to authorize the trial court's denial of the motion for directed verdict of acquittal.

*Judgment affirmed. All the Justices concur.*

DECIDED OCTOBER 3, 1994.

*Rickey L. Richardson*, for appellant.

*Lewis R. Slaton, District Attorney, Carl P. Greenberg, Nathaniel Dobson, Jr., Assistant District Attorneys, Michael J. Bowers, Attorney General*, for appellee.