## S95A0215, S95A0258, S95A0265. BROOKS v. THE STATE
### (three cases).
#### (458 SE2d 349)

BENHAM, Presiding Justice.

Derreck and Paul Brooks, brothers, were convicted of felony murder for the stabbing death of Randy Wallace.[1] The evidence at trial showed that the Brookses spent the evening preceding the killing with Wallace and several others, drinking, smoking marijuana, playing cards, and shooting pool. When the bar where they were drinking closed at 2:00 a.m., the Brookses returned to their apartment with Wallace, Shilling, and Thibodeaux to continue drinking. The conversation turned to wrestling and Paul and Wallace decided to wrestle in the yard. Consistently defeated by Wallace, Paul grew angry and struck him in the face. When Wallace pinned Paul again, Derreck entered the fray, only to be pinned along with his brother. The Brookses went into their apartment, but as the other three started toward Thibodeaux's truck, the brothers came back outside, each armed with a knife, and attacked Wallace. Although he attempted to defend himself with a pool cue case, Wallace was stabbed several times and died of a stab wound to the heart. The Brookses were jointly indicted and tried for malice murder and felony murder with aggravated assault as the underlying felony. They were convicted of felony murder. Derreck and Paul, represented by counsel, appeal their convictions in Case Nos. S95A0215 and S95A0265, respectively. In Case No. S95A0258, Derreck appeals pro se. For the reasons set forth below, we affirm in the cases involving counsel and dismiss Derreck's separate appeal.

1. Although there was conflicting testimony at trial with regard to which of the Brookses struck the fatal blow, the evidence showed without conflict that there was a joint aggravated assault on Wallace by the Brookses resulting in Wallace's death. The evidence at trial was sufficient to authorize a rational trier of fact to find both Brookses guilty beyond a reasonable doubt of felony murder. *Jackson*

---

[1] The crimes occurred on January 25, 1992, and an indictment was returned on June 25 of that year charging both Brookses with malice murder and felony murder, with aggravated assault as the underlying felony. A jury trial commenced on September 27, 1993, concluded on September 28, 1993, with a verdict of guilty of felony murder, for which sentences of life imprisonment were entered that same day. A motion for new trial for Paul Brooks was filed on October 13, 1993; Derreck Brooks's motion for new trial was filed on October 14, 1993; and both were denied on September 15, 1994. A notice of appeal was filed by counsel for Derreck Brooks on October 10, 1994, and that appeal, Case No. S95A0215, was docketed in this Court on October 26, 1994. Derreck Brooks filed a separate notice of appeal on October 21, 1993, and that appeal, Case No. S95A0258, was docketed in this Court on November 2, 1994. A notice of appeal for Paul Brooks was filed October 17, 1994, and that appeal, Case No. S95A0265, was docketed here on November 3, 1994. All three cases were submitted for decision on briefs, Case No. S95A0215 on December 12, 1994, and the other two on December 29, 1994.

*v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Crane v. State*, 263 Ga. 518 (3) (436 SE2d 216) (1993). That being so, there was no error in denying Derreck's motion for a directed verdict of acquittal. *Blackwell v. State*, 264 Ga. 517 (448 SE2d 359) (1994).

2. Because there was some direct evidence of Derreck's guilt and no request was made for a charge on circumstantial evidence, the trial court's failure to give an instruction in the language of OCGA § 24-4-6 was not error. *Barner v. State*, 263 Ga. 365 (1) (434 SE2d 484) (1993).

3. Neither Derreck nor the State called Derreck's trial counsel to testify at the hearing on Derreck's motion for new trial, but the trial court stated at the conclusion of the hearing that the record would remain open for 30 days for the submission of affidavits. Derreck did not object at that time to the use of affidavits, but objected to the admission more than 30 days later of an affidavit of his trial counsel. His sole objection in the trial court was that the record automatically closed at the conclusion of the time period established by OCGA § 15-6-21 for ruling on motions. However, there is no provision in that statute for closing the record as a result of a trial court's failure to make a timely ruling. The only remedies for violation of the statute are mandamus and impeachment of the judge. *Graham v. Cavender*, 252 Ga. 123 (311 SE2d 832) (1984). We conclude, therefore, that the tardiness of the trial court's ruling did not close the record and was not a valid basis for objecting to the admission of trial counsel's affidavit. Another objection raised on appeal was not raised in the trial court and will not be considered. *Shealey v. State*, 257 Ga. 437 (3) (360 SE2d 266) (1987).

4. Asserting that his trial counsel failed to interview an eyewitness and failed to call for testimony a witness to whom Paul confessed in jail, Derreck contends he was denied effective assistance of counsel. On motion for new trial, however, trial counsel explained by affidavit his decision not to interview the eyewitness or call her to testify. He learned from Paul's counsel that the witness did not see the stabbing, was unsure how many people had knives, could not identify the participants, had received threatening telephone calls since the stabbing, and that her testimony would be inculpatory of Derreck because there was some evidence that the person who stabbed Wallace was wearing a shirt, whereas Paul was shirtless when arrested. The decision not to call the witness to whom Paul allegedly confessed was based on the fact that the witness was a convicted felon and on counsel's concern that his testimony would open the door for the State to use, as rebuttal evidence, a videotape on which Derreck admitted stabbing Wallace. We conclude, as did the trial court in denying Derreck's motion for new trial, that counsel's decisions were matters of trial strategy founded on legitimate evidentiary concerns and do not demonstrate

ineffectiveness of counsel. *Bentley v. State*, 262 Ga. 801 (2) (426 SE2d 364) (1993).

5. At the hearing on Derreck's motion for new trial, a juror testified that he heard another juror tell the jury that he had visited the scene of the crime. Derreck insists that the juror misconduct so tainted the verdict that he was entitled to a new trial. We agree, however, with the trial court that a new trial was not required. "[A] new trial will not be granted unless there is a reasonable possibility that the improper evidence collected by jurors contributed to the conviction. [Cits.]" *Bobo v. State*, 254 Ga. 146 (1) (327 SE2d 208) (1985). The situation in the present case is more like that in *Chadwick v. State*, 164 Ga. App. 102 (2) (296 SE2d 398) (1982), where the jurors stated that they could not remember what was said about the scene and that their votes were based on the evidence, than that in *Bobo*, where the jurors' observations changed the vote. Here, the juror-witness testified that he did not hear what the other juror said about the visit to the scene, and testified that although he felt pressured by that other juror, who had been forceful from the beginning of deliberation in arguing for conviction, his vote to convict was not influenced by any information about the scene allegedly gathered by the other juror. Under those circumstances, there is no reasonable possibility that the observations of the juror who visited the scene contributed to the conviction and reversal is not required. *Chadwick*, supra.

6. Paul Brooks enumerates as error the denial of his pretrial motion to sever, contending that the antagonistic defenses he and his brother asserted (each based his defense on the theory that the other struck the fatal blow) and the confusion resulting from conflicting testimony on that issue prejudiced his defense. He has not set forth, however, any specific way in which his defense was prejudiced by the refusal to sever.

In *Cain v. State*, 235 Ga. 128 (218 SE2d 856) (1975), this court noted that among the considerations for the trial court in exercising its discretion on a motion to sever is the question of whether the number of defendants creates confusion of the evidence and law applicable to each individual defendant. That is not the sort of confusion that appeared in this case. Although it was evident that some of the witnesses were confused about which brother did what, the same confusion would have been present in separate trials.

Another consideration mentioned in *Cain* is prejudice from the existence of antagonistic defenses. As an example of such prejudice, *Cain* mentions the conflict between the right to call a co-defendant as a witness and the co-defendant's Fifth Amendment rights. But in order to show prejudice from such a conflict, a defendant would have to show that the co-defendant's testimony would tend to exculpate the defendant. Id. Neither of the Brookses would be able to make

such a showing since each defended on theory that the other was the killer. There being no prejudice shown in this case from the denial of the motion to sever, there was no error. *Chapman v. State*, 263 Ga. 393 (2) (435 SE2d 202) (1993).

7. In Case No. S95A0258, Derreck Brooks, raising issues of trial error and of ineffective assistance by his first appellate counsel, seeks to appeal pro se from the same conviction which is the subject of the appeal filed by that counsel and docketed as Case No. S95A0215. This court has previously held that one represented by counsel on appeal does not have the right to independently conduct his own defense and have both considered by this court. *Reid v. State*, 235 Ga. 378 (219 SE2d 740) (1975). Later, in *Phillips v. State*, 238 Ga. 497 (233 SE2d 758) (1977), this court was presented with three appeals. One was a pro se appeal from the denial of a motion in the trial court to discharge appointed counsel. That appeal was considered on its merits and the denial affirmed. The other two appeals, one by counsel, one pro se, were from the same judgment and raised the same issues. This court dismissed the pro se appeal, citing *Reid*. There has, however, been at least one occasion on which this court has permitted appeals from the same judgment by counsel and by the appellant: *Daniel v. State*, 248 Ga. 271 (282 SE2d 314) (1981). There, declining on the ground on judicial economy to follow *Reid*, this court decided to consider the pro se appeal involving ineffective assistance of counsel in handling the motion for new trial. Since *Daniel*, however, a requirement of presenting ineffective assistance claims to a trial court has evolved. See *Smith v. State*, 255 Ga. 654 (3) (341 SE2d 5) (1986). That has not happened in this case and, indeed, the representation was still ongoing at the time the pro se appeal accusing Derreck's first appellate counsel of ineffectiveness was filed. Because the issues concerning the effectiveness of Derreck's first appellate counsel have not been considered by a trial court, the judicial economy considerations of *Daniel* do not apply. We hold, therefore, that Derreck Brooks's pro se appeal is premature insofar as it concerns ineffective assistance, and is unauthorized under *Reid* and *Phillips* insofar as it addresses other issues. Accordingly, we dismiss the pro se appeal (S95A0258) without prejudice to Derreck Brooks's right to pursue, in the proper forum, his allegations of ineffective assistance of appellate counsel.

8. An issue common to both the remaining appeals is the filing of additional enumerations of error after the time for filing them has passed. Derreck's second appellate counsel, upon his entry into the case, filed a brief asserting additional enumerations of error. Since that brief was filed more than 20 days after the appeal was docketed in this court, the enumerations of error raised there were untimely and will not be considered. *Lewis v. State*, 262 Ga. 679 (3) (424 SE2d 626) (1993). Paul Brooks filed a brief of his own in which he sought to

assert an additional enumeration of error. That enumeration of error was also untimely, and is not entitled to consideration for the additional reason that he is represented by counsel and may not also represent himself. *Eagle v. State*, 264 Ga. 1 (5) (440 SE2d 2) (1994).

*Judgments affirmed in Case Nos. S95A0215 and S95A0265; appeal dismissed in Case No. S95A0258. All the Justices concur.*

DECIDED JUNE 30, 1995.

Derreck Brooks, *pro se* (case no. S95A0258).

*Bert W. Cohen, John B. Sumner, Joe C. Morris,* for appellants (case nos. S95A0215, S95A0265).

*Thomas J. Charron, District Attorney, Debra H. Bernes, Nancy I. Jordan, Bruce D. Hornbuckle, Assistant District Attorneys, Michael J. Bowers, Attorney General, Susan V. Boleyn, Senior Assistant Attorney General, Marla-Deen Brooks, Assistant Attorney General,* for appellee.

