## A96A2075. BROWN v. THE STATE.

(479 SE2d 454)

SMITH, Judge.

Tori Brown was charged with possessing a firearm as a first offender probationer, violation of the Georgia Controlled Substances Act (possession of less than an ounce of marijuana), misdemeanor obstruction of a law enforcement officer, and giving a false name to a law enforcement officer. During a bench trial, the first two charges against Brown were dismissed upon defense motion. Brown was found guilty of obstructing an officer and giving a false name to an officer. His motion for new trial was denied, and he appeals, raising the general grounds.

The record reveals that in the early morning hours of July 7, 1995, Officer Daniel Cunningham of the DeKalb County Police Department was training another officer in field operations when he observed a pickup truck without a tag. He stopped the truck, which held two passengers as well as the driver. Cunningham approached the driver, who gave his name as Marcus Bynum and handed Cunningham a citation issued in that name. Officer Cunningham did not believe the driver matched the description on the citation, and asked the driver for another way to identify him. The driver suggested they call his brother, who owned the truck, and provided the officer with his brother's telephone number.

A police radio operator called the driver's brother at the number provided. The brother informed the operator that the driver was his brother, Tori Brown, and gave a physical description that matched that of the driver. When this information was checked on the police computer, Cunningham learned that Brown's license had been suspended and that he was wanted.

At that point, Cunningham again approached the truck and asked Brown to exit. As the other police officer attempted to pat him down, Brown fled on foot towards a wooded area. Cunningham testified that the officers did not attempt to follow the driver because they knew where he lived and intended to obtain warrants later. After Brown left, the two passengers confirmed that the driver was Brown. A semiautomatic pistol and three small bags of marijuana were

found on the floorboard of the cab.

At trial, Cunningham identified Brown as the driver.

In support of his enumeration Brown raises three arguments.

1. Brown first contends that insufficient evidence was presented that he was the driver. Neither the passengers nor Brown's brother testified at trial. He argues that Cunningham's in-court testimony was insufficient, given that Brown was obviously the person on trial and Cunningham's encounter with the driver was brief and took place in the dark approximately eight months before trial.

This enumeration is without merit. Although neither the passengers nor Brown's brother testified, Cunningham testified that all three identified Brown as the driver. This was fact testimony and was not subject to a hearsay objection. *Harper v. State*, 213 Ga. App. 444, 449 (6) (445 SE2d 303) (1994). Even assuming, therefore, that Cunningham's own in-court identification of Brown as the driver was insufficient in itself, Cunningham's testimony that three other persons so identified Brown was sufficient to authorize the trial court as trier of fact to find that Brown was the driver beyond a reasonable doubt.

2. Brown also contends the State failed to prove an essential element of the obstruction charge. OCGA § 16-10-24 (a) provides that one who "knowingly and willfully obstructs or hinders any law enforcement officer in the lawful discharge of his official duties is guilty of a misdemeanor." Brown argues that although he fled, he did not "obstruct or hinder" the officers in their duties because Cunningham testified that the officers intended to obtain warrants later and his arrest was, in fact, effected subsequently.

Brown's contention is incorrect. This Court has held that under some conditions flight while being detained by a law enforcement officer is evidence of obstruction. *Cason v. State*, 197 Ga. App. 308 (398 SE2d 292) (1990) (defendant's flight after being told by officer to remove hand from pocket and step forward sufficient to support conviction for obstructing officer). As pointed out in *Tankersley v. State*, 155 Ga. App. 917 (273 SE2d 862) (1980), delaying an officer's lawful performance of his duties is included in the definition of hindering that performance. Id. at 919-920 (4) (A). The trial court as trier of fact was authorized to conclude from the evidence presented that at the time Brown was being patted down, he knew that the officers were attempting to perform their official duties and that he deliberately took action that delayed, hampered, and impeded the performance of those duties. See *Sanders v. State*, 204 Ga. App. 545, 547 (1) (b) (419 SE2d 759) (1992). The evidence was sufficient to authorize Brown's conviction of obstructing an officer under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. OCGA § 16-10-25 provides that "[a] person who gives a false name, address, or date of birth to a law enforcement officer in the lawful discharge of his official duties with the intent of misleading the officer as to his identity or birthdate is guilty of a misdemeanor." Brown contends the evidence was also insufficient to support his conviction on this charge. He argues that the evidence did not show that he told Cunningham his name was Marcus Bynum but only that he handed the officer the citation. This contention is belied by the record. Cunningham was asked on direct examination whether the defendant "initially . . . gave you a false name of Marcus Bynum," and he responded, "Marcus Bynum, that is correct."

Moreover, even had Cunningham not so testified the evidence would have been sufficient in this regard. A reasonable inference from testimony that when stopped, the driver showed the police officer a previously issued citation is that it was shown in response to a request for identification. The evidence presented at trial was sufficient to authorize the trial court as trier of fact to find Brown guilty of giving a false name to a law enforcement officer under the standard set forth in *Jackson v. Virginia*, 443 U. S. 307.

*Judgment affirmed. Pope, P. J., and Andrews, J., concur.*

DECIDED DECEMBER 16, 1996.

*Ellen M. Wiener*, for appellant.
*J. Tom Morgan, District Attorney, Desiree S. Peagler, Robert W. Houman, Assistant District Attorneys*, for appellee.