## A97A1475. VEAL v. THE STATE.
(487 SE2d 696)

Judge Harold R. Banke.

Ulonzo Tamayo Veal was convicted of misdemeanor obstruction of an officer. On appeal, he challenges the sufficiency of the evidence and the denial of his motion for new trial which also raised the sufficiency issue.

This case arose after a police officer noticed a car speeding behind him. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). The officer pulled over to let the car pass. Instead, it stopped behind the patrol car. When the officer started to turn his car around, the other car began to turn too. The officer activated his lights and pulled in close behind the car. Then three men, including one later identified as Veal, jumped out and ran into nearby woods. The officer found several car radios in the vehicle, which Veal's brother admitted to stealing. *Held*:

We reject Veal's contention that the evidence, viewed in the light most favorable to the verdict, was insufficient to support his conviction. The essential elements of misdemeanor obstruction are a knowing and wilful act obstructing or hindering an officer who is lawfully discharging his duties. OCGA § 16-10-24 (a); *Weidmann v. State*, 222 Ga. App. 796, 797 (2) (476 SE2d 18) (1996). Flight from police apprehension has been held to constitute sufficient opposition to support an obstruction charge. Id.; *Brown v. State*, 224 Ga. App. 42, 43 (2) (479 SE2d 454) (1996). Because the obstruction must be "knowing and wilful," the State was required to prove that Veal knew or should have known that he was being pursued by a police officer. *O'Neal v. State*, 211 Ga. App. 741, 742 (2) (440 SE2d 513) (1994). The State satisfied the wilfulness element with proof that the patrol car pulled close behind Veal's car with its emergency lights flashing just before Veal took flight. At that, Veal knew or should have known that the officer sought him. Veal's post-arrest statement that he ran because

he "didn't want to go to jail" confirms that knowledge.
*Judgment affirmed. Birdsong, P. J., and Ruffin, J., concur.*

DECIDED JUNE 18, 1997.

Before Judge Prior.
*Martin L. Fierman*, for appellant.
*Fredric D. Bright, District Attorney, Paul L. Groth, Assistant District Attorney*, for appellee.