S97A1592. BROWN v. THE STATE
(495 SE2d 289)

BENHAM, Chief Justice.

Robert Dennis Brown brings this appeal from his convictions of murder, armed robbery, possession of a firearm during commission of

a crime, and obstruction of an officer by giving a false name.[1] The evidence presented at trial by the State showed that Brown's co-defendant, Christopher Washington, arranged to buy marijuana from Kwesi Haven while Haven and Tolli Mosley, the victim, ate breakfast at a restaurant. Haven and Mosley left to pick up the marijuana and Mosley's gun, and made arrangements to meet Washington. The four men eventually went to a rural area to complete the transaction. Because someone was watching from a nearby home, Haven got in Washington's car and Brown got in Mosley's car. Haven then heard Mosley yell, saw that he appeared to be struggling, and heard a gunshot. Washington then displayed a pistol and demanded the marijuana. Haven surrendered the marijuana, heard another shot, got out of the car, and ran into some bushes, from which vantage point he saw Brown get into Washington's car just before Washington drove away. Haven then went to Mosley's car, where he found Mosley bleeding from gunshot wounds. He took Mosley's gun, and another which he found on the floor of the car with Mosley's, and hid them in bushes from which they were later retrieved by police officers. Neither of those was the murder weapon. Mosley had been shot three times and died from a wound to his chest. Haven, once he found out Mosley had died, told the police about the drug deal and gave Washington's name. He identified Washington's and Brown's photographs in separate photo spreads. Brown's fingerprints were found on the passenger-side window of Mosley's car. When he was first questioned by a police officer, Brown gave the name "Jerrod Ware."

On appeal, Brown contends that the trial court erred in denying his motion for a directed verdict of acquittal; in refusing to charge on voluntary manslaughter, involuntary manslaughter, and mutual combat; and in charging on conspiracy. For the reasons that follow, we find no merit in Brown's arguments and affirm his convictions.

1. "It is well-settled in Georgia that there is no error in denying a defendant's motion for a directed verdict of acquittal where the evi-

---

[1] The crimes were committed on July 28, 1995, and Brown was indicted on May 22, 1996, for malice murder, felony murder, armed robbery, possession of a firearm during commission of a felony (murder), two counts of aggravated assault, possession of a firearm during commission of a felony (aggravated assault), and giving a false name. A trial conducted on June 10-13, 1996, resulted in convictions for malice murder, armed robbery, two counts of possession of a firearm during commission of a felony, aggravated assault, and giving a false name. Brown was acquitted of one count of aggravated assault and no verdict was returned on the felony murder count. He was sentenced to life imprisonment for the murder, twenty years (consecutive) for armed robbery, five years (concurrent) for possession of a firearm during commission of a felony, and twelve months (concurrent) for giving a false name. No sentence was imposed for the aggravated assault and the second count of possession of a firearm during commission of a felony. Brown's motion for new trial, filed July 12, 1996, was denied April 8, 1997, and his notice of appeal was filed May 7, 1997. The appeal was docketed in this Court on June 25, 1997, and was submitted for decision on the briefs.

dence is sufficient to authorize a rational jury to find a defendant guilty beyond a reasonable doubt. [Cits.]" *Blackwell v. State*, 264 Ga. 517 (448 SE2d 359) (1994). The evidence set out above was sufficient to authorize a rational trier of fact to find Brown guilty beyond a reasonable doubt of murder, armed robbery, possession of a firearm during commission of a felony, and giving a false name. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Johnson v. State*, 266 Ga. 775 (470 SE2d 637) (1996); *Turner v. State*, 267 Ga. 149 (1) (476 SE2d 252) (1996); *Brown v. State*, 224 Ga. App. 42 (479 SE2d 454) (1996). Thus, there was no error in denying Brown's motion for directed verdict. *Blackwell*, supra.

2. In his second enumeration of error, Brown complains of the trial court's failure to give charges on voluntary manslaughter, involuntary manslaughter, and mutual combat. The only one of those charges which was requested by Brown was on felony-grade involuntary manslaughter, causing death "without any intention to do so by the commission of an unlawful act other than a felony." OCGA § 16-5-3 (a). Brown does not identify in his brief what "unlawful act other than a felony" would be shown by the evidence in this case, and our review of the evidence reveals none: Mosley was shot three times at close range, either in the course of an armed robbery or an aggravated assault, both of which are felonies. Since there was no evidence that Mosley's death was caused by any unlawful act other than a felony, there was no error in refusing to charge on involuntary manslaughter. *Smith v. State*, 267 Ga. 502 (4) (480 SE2d 838) (1997).

"Absent a written request for a charge on a lesser included offense, made at or before the close of the evidence, the failure to so charge is not error. [Cit.]" *Howe v. State*, 250 Ga. 811 (2) (301 SE2d 280) (1983). Since Brown did not request a charge on voluntary manslaughter, the trial court did not err in failing to give that charge. Likewise, since Brown failed to request a charge on mutual combat, there was no error in the trial court's failure to give that charge. *Holcomb v. State*, 268 Ga. 100 (6) (485 SE2d 192) (1997).

3. Brown's final argument on appeal is that the trial court erred in charging the jury on conspiracy because there was no evidence of a conspiracy between Brown and Washington.

> In order to establish a conspiracy, the "state need only prove that two or more persons tacitly came to a mutual understanding to accomplish or to pursue a criminal objective." [Cit.] A conspiracy may be inferred from "the nature of the acts done, the relation of the parties, the interest of the alleged conspirators, and other circumstances." [Cit.] . . .
> " 'When the evidence tends to show a conspiracy, a charge upon the subject is not error even if not alleged in the indict-

ment.' " [Cit.] Indeed, "the trial court has a duty, even in the absence of a request, to charge the jury the law as to every substantial and vital issue in the case. . . ." [Cit.]

*Agnew v. State*, 267 Ga. 589 (2) (481 SE2d 516) (1997). The evidence that Brown and Washington acted together in arranging a drug transaction, that each of them was armed and used his weapon (Washington to rob Haven and Brown to kill Mosley), and that they departed together after committing armed robbery and murder, permits an inference that they had a mutual understanding to pursue a criminal undertaking. Thus, under the rule stated in *Agnew*, supra, the trial court did not err in charging the jury on conspiracy.

*Judgment affirmed. All the Justices concur.*

DECIDED FEBRUARY 9, 1998.

*Stephen R. Yekel*, for appellant.

*Spencer Lawton, Jr., District Attorney, Jon Hope, Assistant District Attorney, Thurbert E. Baker, Attorney General, Paula K. Smith, Senior Assistant Attorney General, Beth Attaway, Assistant Attorney General*, for appellee.