## A98A0271. LECKIE v. THE STATE.
### (500 SE2d 627)

Judge Harold R. Banke.

Jerry B. Leckie was convicted of misdemeanor obstruction of an officer. In his sole enumeration of error, he challenges the sufficiency of the evidence necessary to establish the essential element of obstruction or hindrance.

This case arose after Leckie painted orange lines on the parking spaces in front of his business which was located in a strip mall. *Price v. State*, 222 Ga. App. 655, 657 (2) (475 SE2d 692) (1996) (evidence on appeal must be viewed in a light most favorable to the verdict). To prevent drivers from smearing the paint, he parked his pickup truck to block one of the two entrances to the parking lot. The owners of the other businesses in the mall called the police when Leckie refused to move the truck. After the arresting officer arrived, Leckie announced he "wasn't moving the g-dd---n truck" and suggested the officer "get in his f----ng police car and leave." Leckie's continued profane belligerence so concerned the officer that he called for backup.

After trying to reason with him for at least 20 minutes, the officers concluded that Leckie had "just gotten out of hand," and advised him he was under arrest for disorderly conduct. Leckie turned away, folded his arms, and responded, "You're not taking me to f----ng jail." When the arresting officer reached for Leckie's arm to handcuff him, Leckie unsuccessfully attempted to jerk his arm away, then spun around, stepped on the officer's foot, and went limp. Both men rolled to the ground, where the officer finally handcuffed Leckie. Leckie weighed approximately 400 pounds and required medical attention after the fall. *Held*:

The evidence, viewed in the light most favorable to the verdict, was sufficient to permit a rational trier of fact to find all the essential elements of misdemeanor obstruction of an officer. *Jackson v. Vir-*

*ginia*, 443 U. S. 307, 319-320 (99 SC 2781, 61 LE2d 560) (1979). The elements of this offense are the knowing and wilful hindrance of any law enforcement officer lawfully discharging his or her duties. OCGA § 16-10-24 (a). In certain circumstances, proof of flight may be sufficient to establish hindrance. *Walker v. State*, 228 Ga. App. 509, 512 (4) (493 SE2d 193) (1997). Even verbal exchanges may satisfy that element. *Duke v. State*, 205 Ga. App. 689, 690 (423 SE2d 427) (1992). Thus, the testimony that Leckie, after being advised he was under arrest, announced he was not going to jail, purposefully turned away from the officer and attempted to avoid being handcuffed was sufficient to support the jury's verdict. See *Basu v. State*, 228 Ga. App. 591, 593 (3) (492 SE2d 329) (1997); *Veal v. State*, 226 Ga. App. 897 (487 SE2d 696) (1997).

*Judgment affirmed. Pope, P. J., and Ruffin, J., concur.*

DECIDED MARCH 31, 1998.

*Renate W. Downs*, for appellant.

*Otis L. Scarbary, Solicitor, Russell B. Mabrey, Jr., Assistant Solicitor*, for appellee.