## 61941. PRESNELL v. THE STATE.

SOGNIER, Judge.

Presnell appeals his conviction for escape from confinement and motor vehicle theft.

Appellant enumerates as error the trial court's action in empaneling a jury and proceeding with trial when appellant was not formally arraigned and refused specifically to waive such arraignment. The trial court ordered appellant to enter a plea over his objection that he had not been given the three day notice of arraignment required by Code Ann. § 27-1401. In a recent case with an identical factual situation, we reversed and held: "Although that Code section provides as a general rule that the appearance and entering of a plea is to be deemed a waiver of the notice requirement, defense counsel in this case expressly invoked his client's right to the notice and stated that she did not intend by entering a plea to waive that right. The state's argument that the appellant had previously waived arraignment is not supported by the record." *Hicks v. State,* 145 Ga. App. 669 (244 SE2d 597) (1978). As the factual situation in the instant case is identical to that found in *Hicks,* we are bound by that decision.

The remaining enumerations of error need not be considered, as such alleged errors are unlikely to occur in a retrial.

*Judgment reversed. Shulman, P. J., and Birdsong, J., concur.*

DECIDED SEPTEMBER 18, 1981.

*Hirsch Friedman, Daniel P. Woodard III,* for appellant.
*Arthur E. Mallory III, District Attorney, Harger W. Hoyt, Assistant District Attorney,* for appellee.