## 65856. BLAIR v. THE STATE.

McMurray, Presiding Judge.

Defendant was convicted for offenses involving the violation of the Georgia Controlled Substances Act in four counts in that he did possess (1) more than one ounce of marijuana; (2) tetrahydrocannabinols; (3) phencyclidine (PCP); and (4) diazepam. Defendant appeals. *Held:*

1. Defendant's first enumeration of error contends the trial court erred in denying the defendant's motion for continuance because of the absence of counsel and that he had been denied his 6th Amendment right to counsel and his 5th Amendment right to due process as guaranteed by the state and federal constitutions. Apparently the court was notified approximately a week before trial that one of the attorneys representing the defendant would be absent and some question arose as to whether or not the case would be heard. However, a motion for continuance was made and filed on December 14, 1981, the date of the trial, pursuant to OCGA § 17-8-33 (formerly Code § 27-2002) because defendant's attorney had been "subpoenaed to appear" in a trial in South Carolina, said trial probably to last from one to two weeks. When the case sub judice was called in the trial court an attorney for the defendant announced not ready as he was not lead counsel and that in signing the not guilty plea for counsel he was appearing on behalf of the absent counsel. He further stated he had not been hired by the defendant, as he was obtained by absent counsel to assist him, and he asked for a continuance based on this ground, as well as the absence of defendant's counsel which motion for continuance had been filed in the case on the morning that the case was called. The court noted that in the record of this case this counsel, who was present, was counsel of record for the defense and overruled the motion for a continuance. The court then stated that this counsel had been present at every appearance and the court had recognized him as counsel for defendant. The court further stated that the case would come on for trial at 9:00 a.m. on Thursday (December 17, 1981) but that a jury would be selected at this time (December 14, 1981). It is noted that defendant's brief reflects his absent lead counsel "was in Myrtle Beach, South Carolina trying a major importation case which involved some fifteen attorneys and twenty-five defendants."

A motion for continuance is addressed to the sound discretion of the trial court, and a denial will not be disturbed in the absence of a manifest abuse of discretion. See *Rutledge v. State,* 152 Ga. App. 755, 757 (1) (264 SE2d 244); *Dutton v. State,* 228 Ga. 850, 851 (2) (188 SE2d 794). Further, the absence of counsel is not a favored excuse for

not proceeding to trial and excuses of this sort should be discountenanced. See *Rutledge v. State,* 152 Ga. App. 755, 757, supra; *Austin v. State,* 160 Ga. 509 (1) (128 SE 791). In this instance at the preliminary hearing defendant was represented by the counsel appearing in his behalf at the trial. At that time the court asked counsel if the defendant was represented by him. This counsel answered in the affirmative that the defendant was represented by both counsel, stating "I'm co-counsel on it" at which time the defendant was not present and this counsel waived his presence. We note that under OCGA §§ 9-10-155 and 17-8-24 (formerly Code § 81-1413) that the illness or absence, from providential cause, "of counsel where there is but one, or of the leading counsel where there are more than one, shall be a sufficient ground of continuance, provided that the party making the application" for a continuance will swear that he cannot go safely to trial without the services of the absent counsel, and that he expects absent counsel's services at the next term, and that the application is not made for delay only. None of the statutory requirements necessary for the granting of a continuance were put forth by co-counsel when the case was called. Further, there has been no showing here that the defendant was injured by the absence of his lead counsel, and we find no merit in this complaint. See *Rutledge v. State,* 152 Ga. App. 755, supra; *Curry v. State,* 17 Ga. App. 377 (1) (2) (87 SE 685). We find no abuse of discretion here. See *McLendon v. State,* 123 Ga. App. 290 (2), 295-297 (180 SE2d 567); *Atlanta West Enterprises v. Cobb County Bank,* 150 Ga. App. 577, 578 (1) (258 SE2d 193); *Scott v. State,* 151 Ga. App. 840, 841 (1) (262 SE2d 199). We find no merit in this complaint.

2. Defendant has enumerated some seven different errors in the trial of this case. However, in the argument and citation of authorities, composed of one page, the defendant has only argued that the defendant was denied his 5th and 6th Amendment rights "in every conceivable fashion that you could imagine in a short trial" and then mentions that the defendant was denied his 6th Amendment right to counsel without otherwise citing any citation of authority or argument. A mere statement of what occurred at trial and the contentions of the defendant does not constitute an argument in support of such contentions. See *Haskins v. Jones,* 142 Ga. App. 153 (235 SE2d 630);*Wilkie v. State,* 153 Ga. App. 609 (1) (266 SE2d 289). We thus deem all other enumerations of error to have been abandoned by the defendant in failing to support his argument or citation of authority here. See Rule 15 (c) (2) of the Rules of the Court of Appeals of Georgia, adopted February 23, 1981, effective September 1, 1981.

*Judgment affirmed. Shulman, C. J., and Birdsong, J., concur.*

DECIDED APRIL 28, 1983.

*Jack P. Friday, Jr.,* for appellant.
*Dupont K. Cheney, District Attorney, Douglas A. Datt, Assistant District Attorney,* for appellee.