## S01A1606. DANILEY v. THE STATE.

(554 SE2d 483)

HUNSTEIN, Justice.

Eric L. Daniley, a/k/a Eric L. Daniely, was convicted of murder in the shooting death of Frederick Threats. He appeals from the judgment and sentence entered on his conviction.[1] Finding no error, we affirm.

1. The evidence adduced at trial authorized the jury to find that Daniley, three friends and the victim had spent the evening imbibing alcoholic beverages. After Daniley argued with his girlfriend and punched a friend who had intervened in that argument, the men drove in separate cars to Daniley's home. At that time Daniley went to the car still containing the victim and began hitting the victim prior to his exiting from the vehicle. Daniley threatened to "blow [the victim's] brains out" and pointed a gun at him. The victim picked up a beer bottle and threw it at Daniley. One eyewitness testified that Daniley began shooting immediately after the bottle hit the ground; another witness saw Daniley steadily shooting as the victim walked backwards. The victim died from a single gunshot wound to the chest. Conflicting statements Daniley made to the police were also adduced.

Daniley testified that the victim had earlier argued when Daniley refused to loan him $10; the victim reinitiated the argument when they arrived at Daniley's house; the victim threw a beer bottle at Daniley which Daniley deflected; the victim picked up the bottle, which had broken upon impact with the ground, and swung it at Daniley even after Daniley pulled a handgun from his pocket and stepped away from the victim; and that Daniley fired the gun three times.

A person is justified in using deadly force only if "he . . . reasonably believes that such force is necessary to prevent death or great bodily injury to himself or . . . a third person or to prevent the commission of a forcible felony." OCGA § 16-3-21 (a). When a defendant presents evidence that he was justified in using deadly force, the burden is on the State to disprove the defense beyond a reasonable doubt. *Andrews v. State*, 267 Ga. 473 (1) (480 SE2d 29) (1997). Although the evidence on this issue conflicted, it was for the jury to

---

[1] The crimes occurred on July 31, 1999. Daniley was indicted February 14, 2000 in Taylor County on charges of murder, felony murder, aggravated assault and possession of a firearm during the commission of a crime. He was found guilty on all counts on June 28, 2000 and was sentenced that day to life imprisonment for the murder with a consecutive five year sentence on the possession conviction. The remaining convictions merged with the murder. Daniley's motion for an out-of-time appeal was granted on May 2, 2001 and his notice of appeal was filed Monday, June 4, 2001. The appeal was docketed July 26, 2001 and was submitted for decision on the briefs.

determine the credibility of witnesses as well as whether the use of deadly force was necessary under the circumstances of the case. See *Russell v. State*, 267 Ga. 865 (1) (485 SE2d 717) (1997). The evidence was sufficient to authorize a rational trier of fact to find beyond a reasonable doubt that Daniley did not act in self-defense in shooting Frederick Threats and that Daniley was guilty of the crimes for which he was convicted. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Daniley requested the trial court give the jury two instructions on the voluntariness of his statement and on impeachment of witnesses. The trial court agreed to give the charges but failed to include them in its initial charge. Thirty-six minutes into deliberations, the jury requested a recharge on malice murder which prompted the trial court on its own to remember the omitted charge on voluntariness. When the jury was returned to the courtroom, the foreperson indicated the jury had arrived at a verdict on one unspecified count of the indictment. The trial court then gave the requested recharge on malice murder, the charge on voluntariness of the statement, and instructed the jury to "deliberate a little bit more on your malice murder and certainly reconsider whatever verdict you've reached in view of these instructions." Within minutes after this charge, the trial court had the jury returned again and instructed them on impeachment of a witness, reiterating that the jury should reconsider all of the evidence and any judgments they may have made in view of the new instruction.

Daniley contends that the trial court's failure to give his two requested charges prior to the jury reaching a "verdict" on an unspecified count of the indictment constitutes reversible error. However, aside from the fact that "no legal verdict occurs until it is received and published in open court [cit.]," *Altman v. State*, 229 Ga. App. 769, 772 (6) (495 SE2d 106) (1997), we find that the instructions given by the trial court sufficiently cured any possible error occasioned by the delay in giving the requested charges. Contrary to Daniley's argument, we will not presume that the jury chose to disregard the trial court's direction to reconsider the evidence and any verdict they may have reached in light of the new instructions. See *Dennis v. State*, 263 Ga. 257 (2) (430 SE2d 742) (1993) (qualified jurors under oath are presumed to follow the trial court's instructions).

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 5, 2001.

*David & McPhail, Robert S. McPhail*, for appellant.
*J. Gray Conger, District Attorney, Mark C. Post, Assistant Dis-*

*trict Attorney, Thurbert E. Baker, Attorney General, Madonna M. Heinemeyer, Assistant Attorney General*, for appellee.