S04A2060, S05A0033. COX v. THE STATE (two cases).
S05A0032. KELLOGG v. THE STATE.
(610 SE2d 521)

CARLEY, Justice.

In 2000, the Fulton County Grand Jury indicted Jeffery Cox, his brother Edward Kellogg and Eric Parker for numerous offenses, including malice murder of James Sheridan and possession of a firearm during the commission of that felony. In 2001, only Cox and Parker were tried jointly, because Kellogg could not be located although he was the subject of a Ten Most Wanted Bulletin issued by the Atlanta Police Department. The proceeding against Cox and Parker ended in a mistrial when the jury was unable to reach a verdict.

About the time that Cox's and Parker's trial was ending, Kellogg was arrested in Tennessee on an outstanding warrant for his arrest in connection with the murder of Mr. Sheridan. He was extradited to Georgia in early 2002. Thereafter, Kellogg's defense counsel filed several pre-trial motions, which the trial court denied as untimely. At Cox's and Parker's ensuing retrial, Kellogg was a co-defendant. The jury again could not reach a verdict as to Parker, but it returned guilty verdicts as to Cox and Kellogg on the murder and possession of a firearm counts. The trial court entered judgments of conviction on the guilty verdicts, and imposed life sentences for murder and concurrent five-year terms for the weapons offense. Cox and Kellogg filed separate motions for new trial, which the trial court denied. They then filed separate notices of appeal, initiating companion cases which are

hereby consolidated for disposition in this single opinion.[1]

### Case No. S05A0033

1. In this case, Cox, representing himself, appeals from the trial court's refusal to grant a pro se motion to appoint a substitute attorney to replace his present appellate counsel.

Cox moved for the appointment of a substitute only after his attorney had already filed a timely notice of appeal. Under these circumstances, the trial court correctly ruled that it no longer had jurisdiction over the case. *Peterson v. State*, 274 Ga. 165, 171 (6) (549 SE2d 387) (2001). Pursuant to the notice of appeal, jurisdiction passed to this Court, and we will not entertain a pro se motion for substitute counsel where, as here, the accused is represented by a lawyer appointed by the trial court. *Brooks v. State*, 265 Ga. 548, 551 (7) (458 SE2d 349) (1995); *Reid v. State*, 235 Ga. 378 (1) (219 SE2d 740) (1975). Should Cox's appeal prove unsuccessful, he can challenge the effectiveness of his appellate attorney in the context of a habeas corpus proceeding. See generally *Phillips v. Williams*, 276 Ga. 691 (583 SE2d 4) (2003).

### Case No. S04A2060

2. An eyewitness identified Cox as one of two armed men seen getting out of a van. Two other eyewitnesses testified that they saw Cox fire shots at Mr. Sheridan. The medical evidence showed that the victim died from gunshot wounds to his head and neck. The credibility of the witnesses and the weight to be given to their testimony are matters for the jury, and this Court's concern is limited to whether the evidence, when viewed most favorably to the jurors' determination, is sufficient to authorize the verdict. *Mickens v. State*, 277 Ga. 627 (593 SE2d 350) (2004); *Smith v. State*, 277 Ga. 213, 214 (1) (586 SE2d 639) (2003). When construed most strongly in support of the jury's verdicts, the evidence in this case is sufficient to authorize a rational

---

[1] The crimes occurred on March 26, 2000, and the grand jury indicted the three co-defendants on May 20, 2000. The jury returned the guilty verdicts against Cox and Kellogg on June 28, 2002 and, on that same day, the trial court entered the judgments of conviction and imposed the sentences. Cox filed a motion for new trial on July 8, 2002, which the trial court denied on April 5, 2004. Kellogg filed a motion for new trial on July 24, 2002, which the trial court denied on June 4, 2004. Cox filed a notice of appeal on April 30, 2004, and his case was docketed in this Court on August 18, 2004. Kellogg filed a notice of appeal on June 7, 2004, and his case was docketed in this Court on September 3, 2004. Cox's appeal was submitted for decision on October 11, 2004, and Kellogg's appeal was submitted for decision on October 25, 2004.

trier of fact to find Cox guilty of the crimes charged beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

3. The trial court did not abuse its discretion in granting the jury's request for a view of the crime scene. *McDaniel v. State*, 248 Ga. 494 (2) (283 SE2d 862) (1981). Whether the jurors requested the view before or after they began deliberating is immaterial. *McDaniel v. State*, supra.

4. The trial court recharged the jury on the legal principles applicable to the crime of murder. Cox urges that he was denied the benefit of this clarifying recharge because, after giving it, the trial court accepted the guilty verdicts before giving the jurors the opportunity to retire and redeliberate.

The record shows the following: The jury sent out a note indicating that a question had arisen about the distinction between felony and malice murder. Before the trial court could respond, it received another note stating that the jurors had reached a verdict as to two of the three co-defendants. In response to these two notes, the trial court gave the recharge, and then asked only for the identity of the two co-defendants on whom agreement had been reached. The foreperson stated that the jury had come to a decision as to Cox and Kellogg. At that point, the jurors retired to commence redeliberations. Eventually, the trial court received a note from the jury indicating that it could not reach a verdict as to Parker. Only then did the jurors return to the courtroom and publish the verdicts finding that Cox and Kellogg were guilty.

" '[N]o legal verdict occurs until it is received and published in open court (cit.),' [cit.] . . . ." *Daniley v. State*, 274 Ga. 474, 475 (2) (554 SE2d 483) (2001). At the time of the recharge, all that the trial court established was that the jury had come to some unspecified agreement as to Cox's and Kellogg's guilt or innocence. The record clearly shows that the actual guilty verdicts against them were not received and published until after the jurors heard the recharge and then had retired for further deliberations. Moreover, Cox was given the benefit of the clarification of the crime of murder, because the trial court concluded the recharge with the admonition that the jurors should "go back and rethink the two that you have previously decided on, and [determine] if you still have the same decision or if you have a different decision . . . ." *Daniley v. State*, supra. Accordingly, there was no error either in the recharge or in the reception of the guilty verdicts in this case.

5. Cox contends that the trial court erred in refusing to strike for cause prospective juror Julian Mohr, who acknowledged that he might "lean" towards the State because of his friendship with individuals engaged in prosecutorial activities in another county. The

transcript indicates, however, that, during the course of extensive voir dire, Mr. Mohr consistently and repeatedly stated that he could put aside his personal relationships and decide the case fairly and impartially based upon the evidence and the trial court's instructions. A prospective juror's expression of doubt about his or her own bias does not demand excusal for cause. *Waldrip v. State*, 267 Ga. 739, 745 (8) (c) (482 SE2d 299) (1997). Only one who holds a fixed and implacable opinion as to the accused's guilt and who cannot decide the case based upon the evidence and the trial court's charge is subject to being struck. *McClain v. State*, 267 Ga. 378, 380 (1) (a) (477 SE2d 814) (1996). Because a determination of bias vel non rests upon an assessment of the juror's demeanor and credibility, the trial court's conclusion must be given great deference. *Kirkland v. State*, 271 Ga. 217, 219 (2) (518 SE2d 687) (1999). The trial court in this case did not abuse its discretion by refusing to strike Mr. Mohr for cause. *Corza v. State*, 273 Ga. 164, 166 (3) (539 SE2d 149) (2000).

6. Cox retained counsel to represent him. Shortly after the trial began, however, another attorney took over the defense of the case. Cox asserts that he neither requested nor approved of this change of lawyers, and that, as a consequence of the unauthorized substitution, he was denied his constitutional right to counsel.

The transcript shows that, at the outset of the trial, the original retained attorney stated the following for the record:

> I started having medical problems last week. I've been to the doctor. I'm on medication and I'm on some tests, awaiting some results of some tests. I'm having a hard time this morning. My client is aware that [an associate] is here, but I may — I've fallen asleep twice during — I'm on some fairly heavy duty medication, so I want to report it to the court and have it on the record that my client has given [the associate] permission to continue with the trial in my absence if I have to leave on occasion.

" '[T]he right to be represented by a particular attorney is not absolute when it would unduly delay and require the adjournment of a trial because of counsel's illness. [Cit.]' " *Fleming v. State*, 246 Ga. 90, 94 (2) (270 SE2d 185) (1980). Therefore, representation by the associate of the lead attorney did not violate Cox's constitutional right to counsel. See *Blair v. State*, 166 Ga. App. 434 (1) (304 SE2d 535) (1983). Although Cox made a post-trial claim that he did not approve of the substitution, he did not object when the attorney informed the trial court that his client had given permission for the associate to assume the role of defense counsel should that prove necessary. "A statement by an attorney relating to the conduct of [his]

client is to be considered as a statement by the client himself. [Cit.]" *White v. State*, 153 Ga. App. 808, 809 (266 SE2d 528) (1980).

Insofar as a violation of the constitutional right to effective assistance of trial counsel is concerned, Cox was required to show that the performance of the lawyer who defended him did not meet a reasonable standard of professional conduct and that, but for that deficient performance, there is a reasonable probability that the trial would have ended differently. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984). At the hearing on the motion for new trial, Cox did not call as a witness the attorney who represented him at trial. On the evidence which was presented, the trial court was authorized to find that Cox failed to rebut the presumption of effectiveness of his trial counsel by clear and convincing evidence. *Flanigan v. State*, 269 Ga. 160, 162-163 (2) (496 SE2d 255) (1998).

## *Case No. S05A0032*

7. Kellogg was identified as the other of the two armed men at the scene of the murder. The shot that killed the victim apparently was fired by Cox, but eyewitness testimony showed that Kellogg was a party to the crimes. When construed most favorably in support of the guilty verdicts, the evidence is sufficient to authorize a rational trier of fact to find proof of Kellogg's guilt of murder and the weapons offense beyond a reasonable doubt. *Jackson v. Virginia,* supra.

8. Kellogg enumerates as error the denial of motions to strike two potential jurors for cause.

(a) Robert Goodson expressed initial doubts about his impartiality, because of his general aversion to firearms. However, his responses to further specific questioning authorized the trial court to find that any bias against guns and those who used them was not so fixed and definite as to render him incapable of deciding the case fairly based on the evidence and the instructions. Accordingly, the trial court did not abuse its discretion in denying the motion to strike Mr. Goodson for cause. See *Heard v. State*, 274 Ga. 196, 199 (4) (552 SE2d 818) (2001).

(b) For the reasons previously discussed in Division 5, denial of the motion to strike Mr. Mohr for cause was not an abuse of discretion.

9. In Georgia, arraignment is considered a critical stage in the prosecution "not only because the defendant must enter a plea [cit.], but also because [Uniform Superior Court Rule] 31.1 mandates that pre-trial motions be filed at or before arraignment." *Ledford v. State*, 247 Ga. App. 885, 886 (545 SE2d 396) (2001). Thus, arraignment has both substantive and procedural consequences for an accused. Kellogg does not contend that he was denied the substantive protection contemplated by this critical prosecutorial event, and the record

shows that on June 24, 2002, acting with legal representation, he entered a plea of not guilty to the charges and went to trial. Compare *Presnell v. State*, 159 Ga. App. 598 (284 SE2d 106) (1981). He contends only that the trial court committed procedural error when it concluded that the pre-trial motions which he had filed after his arrest in Tennessee and return to Georgia, but before he entered his plea, were untimely. See *Thomason v. State*, 268 Ga. 298, 307 (4) (d) (486 SE2d 861) (1997).

The trial court held that Kellogg waived his procedural right under Uniform Superior Court Rule 31.1 by failing to file his pre-trial motions prior to the arraignment held in connection with the initial trial in 2001, at which time he was living in Tennessee as a "fugitive" from Georgia justice. See generally *Martin v. State*, 145 Ga. App. 880 (245 SE2d 70) (1978) (criminal defendant cannot complain of the failure to comply with procedural requirements when, "by his voluntary absence he prevented the accomplishment of these requirements"). Kellogg contends that he retained his procedural right to file pre-trial motions notwithstanding his absence during the initial prosecution of his jointly indicted co-defendants.

However, even assuming that the trial court did err in concluding that Kellogg was a fugitive whose voluntary absence waived his right to file pre-trial motions, procedural errors occurring at the arraignment stage are subject to a harmless error analysis. See *State v. Germany*, 245 Ga. 326 (265 SE2d 13) (1980). Kellogg does not contend that any of his pre-trial motions was meritorious and crucial to his defense. Compare *Ledford v. State*, supra (motion to suppress). In fact, most of them appear to relate to matters which were rendered moot by virtue of subsequent developments in the prosecution. For example, Kellogg's motion in limine sought to exclude testimony from one who was never called as a prosecution witness, and another concerned charges for which he was indicted but which were never submitted to the jury. Instead of asserting actual harm resulting from the failure to address the merits of his motions, "he simply claims that the procedural errors, standing alone, mandate reversal." *Thomason v. State*, supra at 307 (4) (d). Compare *Johnson v. State*, 262 Ga. 527, 531 (2) (422 SE2d 648) (1992) (defendant deprived of "a possible guilty-but-mentally-ill verdict"). However, an accused cannot be harmed by a trial court's failure to rule on the merits of meritless or moot motions. Unless Kellogg's motions raised meritorious matters which had an impact on the return of the guilty verdicts or which might result in an acquittal on a retrial, any failure to grant them is clearly harmless. Yet, he does not contend that any of the motions related to a valid issue which had or would have a significant impact on the success of his defense to the charge that he participated in the murder

of Mr. Sheridan. "Because it is irrefutable that error without resulting prejudice is harmless, we conclude that the pre-trial procedural irregularities complained of in this case do not warrant a new trial." *Thomason v. State*, supra at 307-308 (4) (d). Compare *Johnson v. State*, supra; *Ledford v. State*, supra; *Deal v. State*, 213 Ga. App. 131 (443 SE2d 713) (1994).

*Judgments affirmed. All the Justices concur.*

HUNSTEIN, Justice, concurring.

I agree with the majority that in Georgia, arraignment is a critical stage in a criminal prosecution. It is a critical stage because the arraignment hearing identifies the person indicted, puts the defendant on notice of the charges against him, forms the issues to be tried, and gives him the opportunity to enter a plea. *Wells v. Terrell*, 121 Ga. 368 (3) (49 SE 319) (1904). See OCGA § 17-7-93; Daniel, Georgia Criminal Trial Practice, § 16-1 (2001 ed.). It is deemed so critical that the defendant must be present at the time of arraignment. *Wells*, supra, 121 Ga. at 371 (to arraign prisoner in his absence is legally impossible); *Smith v. State*, 60 Ga. 430, 432 (3) (1878). The time of arraignment is also important because under Rule 31.1 a defendant must file all pretrial motions at or before arraignment. *Ledford v. State*, 247 Ga. App. 885 (545 SE2d 396) (2001).

In this case, it is undisputed that Kellogg was indicted by a grand jury in May 2000. He was arrested in Tennessee in November 2001 and placed in the custody of Georgia authorities on January 6, 2002. In February 2002, prior to his arraignment, he timely filed several pretrial motions including, inter alia, motions for discovery, a motion to sever and to suppress evidence, and a demurrer to the indictment. Kellogg was formally arraigned on June 24, 2002.

Notwithstanding that Kellogg timely filed his pretrial motions in accordance with Uniform Superior Court Rule 31.1, the trial court held that Kellogg waived his right to file such motions by failing to file them not before his own arraignment, but prior to the arraignment of *Cox and Parker* in their 2001 trial. I write separately to emphasize that nothing requires an indicted individual to file pretrial motions at or prior to the arraignment of *another* defendant. Accordingly, I would hold that the trial court erred in denying Kellogg his procedural right to file pretrial motions where his time to file had not expired. I concur with the majority opinion, however, because I agree that in this case Kellogg has failed to demonstrate that the error caused him harm.

I am authorized to state that Chief Justice Fletcher joins in this concurrence.

DECIDED MARCH 14, 2005 —
RECONSIDERATION DENIED APRIL 14, 2005.

*J. Michael Raffauf*, for appellant (case no. S04A2060).
*D. Todd Wooten*, for appellant (case no. S05A0032).
Jeffery Cox, *pro se* (case no. S05A0033).
*Paul L. Howard, Jr., District Attorney, Bettieanne C. Hart, Anne E. Green, Peggy R. Katz, Assistant District Attorneys, Thurbert E. Baker, Attorney General, Raina J. Nadler, Assistant Attorney General*, for appellee.