A09A0769. JOHNSON v. THE STATE.
(678 SE2d 531)

PHIPPS, Judge.

Following his conviction of unlawful possession of methadone, Sherwin Johnson moved for a new trial. In the motion, Johnson complained of the trial court's denial of his request for a continuance so that he could hire new counsel to represent him, and Johnson charged the attorney who did represent him with ineffective assistance. Johnson appeals the trial court's denial of the motion. We affirm.

State's evidence showed that Johnson purchased a used car from Tony Slaton. While Johnson was driving the car after the purchase, a police officer effected a traffic stop and found the methadone in it. Both the police officer and Slaton's wife, Donna, gave testimony authorizing the jury to find that the methadone was put in the car by Johnson. Specifically, Donna Slaton testified that the day before Johnson took possession of the car, she performed an interior detail of it, and no drugs were there.

Because the car had no license plate, the police officer stopped it

---

as Johnson was driving it home from the Slatons' house. The officer observed that before Johnson stopped the car, he had extended his right arm over the passenger seat into the rear compartment. After the officer approached the vehicle, the officer further observed that Johnson was excessively nervous. When the officer asked Johnson why he had been leaning over the seat, Johnson responded that he knew he was being stopped for not having a tag and that he was attempting to retrieve his paperwork. The paperwork, however, was located elsewhere in the car.

When the officer asked Johnson whether there was anything illegal in the car, Johnson responded in the negative and offered to let the officer search the car. During the search, the officer found a baggie containing four pills marked "methadose 10" protruding slightly from inside the pocket on the rear of the passenger seat. As the officer was examining the pills, he asked what they were, and Johnson answered that they were methadose, even though he could not have seen the inscription on them. Johnson was then arrested. The officer later determined that the pills were 10 milligram dosages of generic methadone. The prosecutor asked the officer, "in your training and experience, what actually is methadone?" The officer answered, "It's a narcotic. Typically it's used to wean heroin addicts off of heroin. They'll take it to try and get themselves off of that, but a lot of people actually end up getting hooked on methadone itself in the process of doing that."

Lakennija Brooks, Johnson's companion and the mother of his children, testified on behalf of the defense that when she retrieved the car from the police impound, she discovered that the rear of the vehicle was actually quite dirty (and thus, contrary to the testimony of Donna Slaton, had not been detailed).

1. Johnson first contends that the trial court abused its discretion in denying his continuance request.

"Granting or refusing a continuance is a matter within the sound discretion of the trial court, and absent a clear showing of abuse, this court will not reverse for refusing to grant a continuance."[1]

Johnson was tried in the Superior Court of Gwinnett County. Prior to trial, he filed a motion for speedy trial pursuant to OCGA § 17-7-170. At the beginning of the proceedings on the first day of the trial, Johnson's attorney announced that he was ready to proceed, subject to being given an opportunity to interview state's

---

[1] *Livingston v. State*, 266 Ga. 501, 503 (1) (467 SE2d 886) (1996) (citation and punctuation omitted).

witness Donna Slaton, who had just been added to the state's list of witnesses. Shortly thereafter, however, Johnson informed the trial court that he no longer wanted to be represented by the attorney he had retained, and he requested a continuance so that he could hire another one. The trial court denied the request in light of Johnson's motion for speedy trial.

On the second day of trial, after a jury had been selected, Johnson's trial counsel informed the court that Johnson was accusing him of rendering ineffective assistance. The court then asked Johnson whether he wanted counsel to continue to represent him, and Johnson responded in the negative, but only because counsel had told him that he no longer wanted to do so. Counsel responded that he had simply gotten angry because of Johnson's accusation. Observing that defense counsel was an experienced and highly qualified criminal defense lawyer and that he had not expressed any unwillingness to continue representing Johnson, the court then ordered the case to proceed.

Later, however, the court again asked Johnson whether he wanted his current attorney to continue to represent him. Johnson responded that because of the friction between the two of them, "I just . . . don't feel comfortable with him . . . so I would say no, sir." The court then made clear to Johnson that a continuance was not going to be granted due to his motion for speedy trial; and that his options, therefore, were either to represent himself, with his current attorney assisting him as standby counsel if he wished, or to have his current attorney continue to represent him. After the court apprised Johnson of the dangers of the former option, he nonetheless chose to represent himself. But in very short order, he realized his incapability in that regard and, with Johnson's assent, counsel agreed to resume his role as Johnson's legal representative.

Here, Johnson retained the attorney of his choosing, the two appeared together at the call of the case for a speedy trial, counsel announced ready to proceed, and Johnson later became dissatisfied with him for no apparent good reason other than that they had begun to bicker.[2] Under these circumstances, the court did not abuse its discretion in denying Johnson's request for a continuance on the ground that it was being made only because of Johnson's eleventh-hour skittishness in going to trial.[3]

---

[2] Compare *Britt v. State*, 282 Ga. 746, 751 (653 SE2d 713) (2007) (Hunstein, P. J., dissenting).

[3] Cf. *Cox v. State*, 279 Ga. 223, 226 (6) (610 SE2d 521) (2005), citing *Blair v. State*, 166 Ga. App. 434 (1) (304 SE2d 535) (1983).

2. Johnson charges his trial attorney with ineffective assistance in several regards.

> The burden is on the defendant claiming ineffectiveness of counsel to establish (1) his attorney's representation in specified instances fell below an objective standard of reasonableness and (2) there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.[4]

"Our standard of review of a trial court's determination with respect to effectiveness of counsel is whether its findings are clearly erroneous."[5]

(a) First, Johnson claims that counsel was ineffective in failing to move for a continuance after discovering that Donna Slaton had a criminal history.

At the beginning of the second day of the trial, defense counsel did move for a continuance on grounds that he had not become aware of the fact that Donna Slaton would appear at trial as a state witness until the morning of the trial and that he had not had an opportunity to check her criminal record. Counsel, however, abandoned his request for a continuance once the prosecutor agreed to have the state perform the criminal record check and to allow the defense to admit evidence of her criminal record without producing certified copies of convictions. During his cross-examination of the witness, defense counsel elicited testimony from her showing that her criminal record included convictions on thirteen counts of forgery as a result of her involvement in an embezzlement scheme, another conviction on one count of shoplifting, and yet another conviction for writing checks on a bank account with insufficient funds.

Donna Slaton's Georgia Crime Information Center criminal history record shows, however, that she had numerous other convictions with which she could have been impeached. Johnson argues that his attorney should have sought a continuance so that he could have more effectively impeached the witness with certified copies of all of these convictions. Johnson maintains that this could have affected the trial's outcome, because the case boiled down to a contest between his and her credibility. We cannot agree that the case turned on that factor. The arresting officer's testimony concerning Johnson's suspicious movements in the car and his awareness of the pills' identity constituted rather devastating evidence of Johnson's

---

[4] *Bowley v. State*, 261 Ga. 278, 280 (4) (404 SE2d 97) (1991) (citations, punctuation and emphasis omitted).

[5] *Johnson v. State*, 266 Ga. 380, 383 (2) (467 SE2d 542) (1996) (citation omitted).

guilt. Defense counsel impeached the witness with numerous offenses. Notably absent from her criminal history were any drug offenses. Under these circumstances, there appears no reasonable probability that the result of the proceeding would have been different if counsel had admitted certified copies of other convictions of the witness.

(b) Johnson charges his attorney with ineffective assistance for having failed to cross-examine Donna Slaton regarding the fact that, upon being questioned initially by counsel, she denied having any criminal history whatsoever. Again, there appears no reasonable probability that this would have changed the outcome of the case. And pursuit of this line of questioning would have put defense counsel in the posture of eliciting truthful testimony that he expected the witness to give and then impeaching it with an admittedly false prior inconsistent statement. There was no assurance that the trial court would not have found the prior inconsistent statement irrelevant under these circumstances. "[A] previous statement in regard to irrelevant, collateral or immaterial matter would not be admissible for impeachment, regardless of how contradictory it might be."[6]

(c) Johnson claims that his attorney was ineffective in failing to object to the arresting police officer's testimony about methadone and heroin addicts.

The police officer testified, however, that at the time of the trial he was assigned to the county's drug task force, so that the trial court was certainly authorized to find that in the officer's training and experience he was qualified to give such testimony. And admission of the testimony over a relevance objection would not have been an abuse of discretion.

(d) Johnson complains of certain action by his attorney relating to defense witness Brooks.

In defense counsel's examination of Brooks, he elicited testimony from her showing that the only time she had ever been charged with a crime arose from an incident involving a high school fight many years before. In cross-examining Brooks, the prosecutor, without objection by the defense, then admitted a certified copy of her conviction of simple battery with documentation showing that for that offense she had received a probated sentence that was suspended for violation of conditions of probation.

Johnson claims that his counsel was ineffective (1) by opening the door to introduction of Brooks' criminal record and (2) by failing

---

[6] *Garrett v. State*, 169 Ga. App. 327, 328 (312 SE2d 621) (1983) (citations and punctuation omitted).

to object when the state introduced a certified copy of her conviction of a crime which was neither a felony nor involved dishonesty or making a false statement, and was thus generally inadmissible for impeachment purposes under OCGA § 24-9-84.1.

Although there appears no strategic reason for defense counsel's elicitation of testimony from the defense witness concerning her one criminal conviction, the conviction itself was relatively innocuous and, as argued by Johnson, did not involve felonious conduct, dishonesty, or making a false statement. We thus find no reasonable probability that either counsel's mentioning of it or his failure to object to the state's admission of the paperwork concerning it affected the outcome of the case.

*Judgment affirmed. Smith, P. J., and Bernes, J., concur.*

DECIDED MAY 13, 2009.

*Matthew D. Crosby*, for appellant.

*Daniel J. Porter, District Attorney, William C. Akins, Assistant District Attorney*, for appellee.

