## A11A0686. BROWN v. THE STATE.
(712 SE2d 521)

ANDREWS, Judge.

Colin Foster Brown appeals from the judgment of conviction entered on a jury verdict finding him guilty of first degree homicide by vehicle. For the following reasons, we find no error and affirm.

1. The evidence was sufficient to support the guilty verdict. On appeal from a criminal conviction, the defendant is no longer presumed innocent, and the evidence is construed in favor of the guilty verdict. *Parker v. State*, 220 Ga. App. 303 (469 SE2d 410) (1996). So construed, the record shows the following evidence. At about 1:00 a.m., the occupant of a house on Herrington Road in Gwinnett County heard a loud bang outside his home. He immediately investigated and saw that a car had run off the road and hit a tree near the house. He approached the driver's side of the car and saw a man in the driver's seat and another man in the front passenger seat. He observed that the man in the driver's seat was conscious and strongly smelled of alcohol, and that the passenger was not moving and showed no signs of life. He called 911, and a police officer arrived within a few minutes. The officer observed a heavily damaged car that had run off the road and crashed head-on into a tree. At the scene of the accident, Brown told the officer that he was the driver of the car, and the officer smelled a strong odor of alcohol on Brown's person. After Brown was transported to a hospital for treatment of injuries he sustained in the accident, he was arrested for driving under the influence of alcohol, given implied consent rights, and blood and urine samples were taken at about 2:45 a.m. Tests conducted on Brown's blood sample by a forensic toxicologist at the Georgia Bureau of Investigation Crime Lab showed that his blood had an alcohol concentration of 0.164 grams per 100 milliliters, an amount in excess of the legal limit.

An accident investigation conducted by police revealed no defects in the road or other physical conditions in the area which could have caused or contributed to the accident. There were no signs that the car had braked, skidded, or made any abrupt change in direction before leaving the road and hitting the tree. Medical evidence showed that the passenger in the car died within a few minutes after the car crashed into the tree as a result of suffering multiple severe injuries caused by the crash.

Brown testified and admitted that, at the time of the accident, his ability to drive the car was impaired by alcohol he had consumed, but he claimed that his passenger caused him to run off the road and hit the tree by grabbing the steering wheel of the car. Brown said that the morning after the accident he called a police investigator assigned to the case and explained that his passenger had grabbed

the steering wheel. The police investigator testified and confirmed that Brown called him the morning after the accident. But the investigator testified that Brown said he remembered nothing about the car crash, that he did not admit to driving the car but asked who was driving, and he said nothing about the passenger grabbing the steering wheel.

The evidence was sufficient for the jury to reject Brown's claim that his passenger caused the accident, and to find beyond a reasonable doubt that Brown was guilty of first degree vehicular homicide in violation of OCGA § 40-6-393 (a) by causing the death of his passenger in the car crash as a result of driving the car with a blood alcohol concentration in excess of 0.08 grams in violation of OCGA § 40-6-391 (a) (5). *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. The trial court did not abuse its discretion under OCGA § 15-12-172 by removing a juror and replacing the juror with an alternate juror during jury deliberations.

The record shows that, during jury deliberations, the court bailiff told the trial court of a communication that occurred between her and one of the deliberating jurors. While the trial court was conferring with the prosecutor and defense counsel on how to proceed, the jury announced they had reached agreement on a verdict. Without receiving or publishing the verdict, and with the agreement of the prosecutor and defense counsel, the trial court brought the juror into the courtroom and asked her what she said to the bailiff. The juror said that she asked the bailiff if she could speak to the judge to "tell [the judge] exactly what I thought happened, and then for [the judge] to tell me the correct vote as a matter of law." According to the bailiff, the juror told her that "the other jurors told her that her opinion did not match her reasons for her opinion," and that "her reasons for her opinion should give her a different opinion." The juror said the bailiff responded "that I should take the jury charge into consideration and that I should vote the way I think should be voted with good reason." The bailiff said she told the juror that "she had the right to her own opinion." The trial court independently questioned all of the remaining jurors and determined that none of them had any knowledge of these communications. With the agreement of the prosecutor and defense counsel, the trial court then removed the juror and replaced her with the alternate juror. The trial court removed the juror on the basis that the communications between the juror and the bailiff may have improperly influenced the juror's consideration of the case. The trial court then presented the reconstituted jury with a new verdict form and instructed the jury to commence deliberations anew "as if I had just given the case to you" in accordance with the court's prior jury instructions.

Because Brown acquiesced in the juror's removal, he waived the right to assert error on appeal. Moreover, under OCGA § 15-12-172, the trial court may exercise discretion to remove a juror at any time, before or after submission of the case to the jury, "if good cause is shown to the court that the juror is unable to perform his duty, or for other legal cause . . . [and such removal may occur] even after deliberations have begun." (Citations and punctuation omitted.) *Moon v. State*, 288 Ga. 508, 512 (5) (705 SE2d 649) (2011). Because "no legal verdict occurs until it is received and published in open court," the unspecified "verdict" reached by the jury, but not received or published by the trial court, was not a legal verdict in the case. (Citation and punctuation omitted.) *Daniley v. State*, 274 Ga. 474, 475 (2) (554 SE2d 483) (2001). In the absence of a legal verdict, the trial court had discretion pursuant to OCGA § 15-12-172 to remove and replace the juror with an alternate for legal cause during the jury deliberations, and to instruct the jury to commence deliberations anew in accordance with the court's prior instructions. The trial court did not abuse its discretion in removing and replacing the juror for legal cause.

3. The trial court did not err by refusing Brown's request that, after the juror was removed and replaced by the alternate juror, the entire jury charge previously given to the jury be re-given. Instead, the trial court instructed the jury to deliberate in accordance with previous jury instructions given by the court to the alternate and the remaining members of the jury. We presume that qualified jurors under oath follow the trial court's instructions. *Daniley*, 274 Ga. at 475 (2).

4. The trial court did not abuse its discretion when it allowed a short recess during a police officer's testimony for the State to allow the officer to retrieve from his police car the implied consent card he used to read Brown his rights.

5. Brown contends the trial court erred by not giving the jury the entire causation instruction that he requested. Brown waived his right to claim this error by not objecting before the jury retired to deliberate. OCGA § 17-8-58; *Jones v. State*, 289 Ga. 145 (710 SE2d 127) (2011). Moreover, the trial court's jury instructions gave the substance of the requested causation instruction, and there was no plain error. See OCGA § 17-8-58 (b).

6. Brown claims that the trial court erred by denying his motion for a new trial made on the basis that various actions or failures to act by his trial counsel amounted to ineffective assistance.

To obtain reversal of a conviction based on a claim of ineffective assistance of counsel, a defendant has the bur-

den of proving that counsel's performance was deficient, and that, but for the deficiency, there was a reasonable probability the outcome of the trial would have been different. *Strickland v. Washington*, 466 U. S. 668 (104 SC 2052, 80 LE2d 674) (1984); *Terry v. Jenkins*, 280 Ga. 341, 342 (627 SE2d 7) (2006). To establish deficient performance, a defendant must show that counsel's performance fell below an objective standard of reasonableness under the circumstances confronting counsel at the time without resorting to hindsight. *Strickland,* 466 U. S. at 689-690; *Franks v. State*, 278 Ga. 246, 250 (599 SE2d 134) (2004). In considering adequacy of performance, trial counsel "is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." *Strickland*, 466 U. S. at 690. "A claim of ineffective assistance of counsel is a mixed question of law and fact: we accept the trial court's factual findings unless clearly erroneous, but we independently apply the legal principles to the facts." *Franks*, 278 Ga. at 250.

*Connelly v. State*, 295 Ga. App. 765, 768-769 (4) (673 SE2d 274) (2009). Applying these principles, we find that the trial court correctly denied the motion for a new trial because counsel was not ineffective or, if counsel was ineffective, Brown failed to show harm.

(a) Brown points out that trial counsel failed to invoke the rule of sequestration of witnesses, but he does not assert that the testimony of any witness influenced testimony not yet given by another witness. In the absence of any claim that he was harmed by counsel's failure to invoke the rule, Brown failed to prove that, but for the failure, there was a reasonable probability the outcome of the trial would have been different.

(b) Brown contends trial counsel should have moved for a mistrial on three occasions.

(i) On the first occasion, a Crime Lab toxicologist testified that marijuana is "a per se drug" meaning that "if it's found [in a driver's blood], it's considered to be a DUI." Defense counsel objected and moved to strike this testimony as misleading and invading the province of the jury. The trial court sustained the objection, granted the request to strike, and instructed the jury to disregard the testimony. Although Brown contends trial counsel should have moved for a mistrial, he fails to show that the jury disregarded the court's instruction or that he suffered any harm. To the contrary, the record shows that the jury found Brown not guilty of the charge that he committed vehicular homicide by causing the death of his passenger by driving under the combined influence of alcohol and marijuana.

(ii) On the second occasion, Brown contends that, in response to communications between a juror and the bailiff during jury deliberations, as set forth in Division 2, supra, trial counsel should have moved for a mistrial. Trial counsel was not ineffective, because, as set forth in Division 2, supra, the trial court properly removed the juror, replaced her with an alternate, and instructed the jury to begin deliberations anew.

(iii) On the third occasion, Brown contends trial counsel should have moved for a mistrial when the trial court exercised its discretion to take a short recess to allow a testifying police officer to retrieve from his police car the implied consent card he used to read Brown his rights. Because we found in Division 4, supra, that the trial court did not abuse its discretion in allowing the recess, trial counsel was not ineffective.

(c) Brown contends that trial counsel should have objected to the introduction of photographs of the deceased victim. The photographs showed the deceased victim at the scene of the accident sitting in the passenger seat of the car, being removed from a disaster bag at the morgue, and lying on a table in the morgue. These pre-autopsy photographs were admissible to depict the nature and extent of the fatal injuries suffered by the victim in the accident. Generally, pre-autopsy photographs are admissible to show the nature and extent of a victim's injuries, even if they are duplicative and may inflame the jury, and even if the cause of death is not in dispute. *Smith v. State*, 280 Ga. 490, 492 (629 SE2d 816) (2006). The trial court did not abuse its discretion in admitting the photographs, and counsel was not ineffective for failing to object.

(d) Brown claims trial counsel was ineffective for failing to produce testimony from an expert in accident reconstruction to support his claim that the passenger grabbed the steering wheel and caused the accident. At the hearing on the motion for new trial, Brown's trial counsel testified that, prior to trial, she hired an expert in accident reconstruction, who after investigating the accident was unable to provide any testimony supporting Brown's claims. Counsel testified that her professional judgment was to use Brown's testimony to support the claim that his passenger caused the accident. The trial court did not err in finding that counsel's testimony was credible, that her decision not to present testimony from an expert in accident reconstruction was a strategic decision made in the exercise of reasonable professional judgment, and that counsel was not ineffective.

(e) Brown contends counsel was ineffective by proceeding in his absence during two portions of the trial.

(i) In the first instance, the record shows that, while Brown was

absent, Brown's counsel and the prosecutor engaged in a short colloquy regarding a question received from the jury during deliberations asking whether the jury could receive extra copies of documents they were already reviewing, and agreed on the number of copies to send. A defendant's constitutional right to be present "attaches at any stage of a criminal proceeding that is critical to its outcome if the defendant's presence would contribute to the fairness of the procedure." (Citation and punctuation omitted.) *Huff v. State*, 274 Ga. 110, 111 (2) (549 SE2d 370) (2001). Because in this instance nothing of substance occurred to which Brown could have made a meaningful contribution, his right to be present was not violated. *Barrett v. State*, 275 Ga. 669, 671 (571 SE2d 803) (2002). Trial counsel was not ineffective for engaging in this colloquy when Brown was not present.

(ii) The second instance also occurred while the jury was deliberating. The judge called the bailiff into the courtroom to explain the substance of a communication that occurred between the bailiff and a deliberating juror, as set forth in Division 2, supra. After the bailiff finished, Brown's counsel related the substance of an inadvertent exchange unrelated to the trial that she had with a juror while they were both buying lunch. At that point, the prosecutor informed the judge that Brown was not in the courtroom. The judge responded, "Oh, I thought he was here," and immediately recessed the proceedings until Brown returned. When the proceedings resumed with Brown present, the judge asked Brown's counsel if she had informed Brown of the proceedings that occurred in his absence, and counsel responded that, "I didn't finish telling him about that." The judge instructed counsel to finish explaining to Brown what had occurred, and paused the proceedings for that purpose. After the pause, the judge asked counsel if she needed more time with Brown, to which counsel responded, "I don't," and asked Brown if he needed any additional information or wanted the record of the prior proceedings to be read, to which Brown responded, "No, sir." With Brown present, the judge then questioned the juror at issue and subsequently replaced the juror with the alternate juror.

A defendant's right to be present at a stage of the proceedings materially affecting his case "may be waived if the defendant later acquiesces in the proceedings occurring in his absence." (Citation and punctuation omitted.) *Jackson v. State*, 278 Ga. 235, 237 (3) (599 SE2d 129) (2004). On this record, we find that Brown was fully informed of the proceedings that occurred in his absence, acquiesced in those proceedings, and waived the right to claim that his absence was error or that his counsel was ineffective.

*Judgment affirmed. Phipps, P. J., and McFadden, J., concur.*

DECIDED JUNE 10, 2011 —
RECONSIDERATION DENIED JUNE 24, 2011.

*Jamie L. Smith*, for appellant.
*Daniel J. Porter, District Attorney, James M. McDaniel, Assistant District Attorney*, for appellee.