**SECOND DIVISION**
**BARNES, P. J.,**
**ADAMS and MCFADDEN, JJ.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**November 27, 2012**

# In the Court of Appeals of Georgia

A12A1426. WELLSTAR HEALTH SYSTEM, INC. v. SUTTON et al.

A121427. BAUER et al. v. SUTTON et al.

MCFADDEN, Judge.

These related appeals arise from a mistrial in a medical malpractice case. The defendant hospital challenges the trial court's declaration of a mistrial and denial of its motion to set aside the mistrial and enter judgment in its favor. But the hospital acquiesced in the court's decision to declare a mistrial. More fundamentally, there was no verdict upon which to enter a such a judgment. The defendant doctor and his medical practice challenge a jury charge and the grant of a motion in limine. As to the jury charge, the case must be retried, and the Suttons acknowledge error; so we do not reach the issue. As to the motion in limine, there has been no showing of harmful error. We therefore affirm.

The record shows that Lori and Landon Sutton filed a medical malpractice action against Dr. Gregg Bauer, Marietta OB/GYN Affiliates, P. A., and WellStar Health System, Inc., alleging negligence during the birth of their son. The case was tried before a jury. On the second day of deliberations, the jury sent a note to the trial judge indicating that it had reached a decision as to WellStar, but was unable to reach a decision as to Bauer. The note did not indicate whether the decision was in favor of or against WellStar. The trial judge informed the parties of the note and suggested that an *Allen* charge as to the desirability of a verdict was appropriate. See *Allen v. United States*, 164 U.S. 492 (17 SC 154, 41 LE 528) (1896). Attorneys for all the parties agreed with the suggestion, and the court then gave the *Allen* charge to the jury.

Thereafter, the trial judge and the attorneys discussed the possibility of the jury being deadlocked as to one of the defendants. Expressing concerns about apportionment, the attorney for Bauer asserted that if there was a verdict for only one defendant and not the other, then a mistrial should be declared. When asked to comment, counsel for WellStar stated that he agreed with Bauer's counsel that a verdict against one but not the other defendant would require a mistrial. Later, Bauer's counsel reiterated the defense position that if there was either a verdict for

2

or against only one defendant, and a disagreement as to the other, then a mistrial was mandated. And again, counsel for WellStar acquiesced in that position, stating, "I don't have anything to add to what [Bauer's counsel] said."

After further deliberations, the jury continued to be deadlocked, and the trial court declared a mistrial. None of the parties objected and the jury was dispersed. WellStar subsequently filed a motion asking the court to set aside the mistrial and enter judgment in its favor, based on affidavits of three jurors claiming that the jury had reached a decision in favor of WellStar. The trial court denied the motion, but issued a certificate of immediate review. This court granted WellStar's application for interlocutory review. In Case No. A12A1426, WellStar appeals; and in Case No. A12A1427, Bauer and Marietta OB/GYN cross-appeal.

*Case No. A12A1426*

1. *Declaration of mistrial.*

WellStar complains that the trial court erred in declaring a mistrial. However, even if there were any error, it was invited by WellStar. As recounted above, WellStar twice joined with co-defendant Bauer in arguing to the trial court that if the jury reached a verdict as to one defendant and remained deadlocked as to the other, then a mistrial was warranted. "It is a well-settled appellate rule that one cannot complain

3

about a ruling of the trial court which the party's own trial tactics or conduct procured or aided in causing." (Citations and punctuation omitted) *Wallace v. Swift Spinning Mills*, 236 Ga. App. 613, 617 (2) (511 SE2d 904) (1999). See also *Green v. Sommers*, 254 Ga. App. 446, 446–447 (1) (562 SE2d 808) (2002) (induced error provides no basis for reversal on appeal). Furthermore, when the trial court declared a mistrial, WellStar acquiesced in the decision by failing to raise any objection to it. See *Allen v. Santana*, 303 Ga. App. 844, 847-848 (3) (695 SE2d 314) (2010) (failure to object and obtain ruling on objection results in waiver); *Davis v. State*, 203 Ga. App. 315, 318 (6) (416 SE2d 789) (1992) (party may not acquiesce in action of the trial court and later complain of the same on appeal). Accordingly, this issue was not preserved for appellate review.

2. *Motion to set aside and enter judgment on verdict.*

WellStar argues that the trial court erred in denying its motion to set aside the mistrial and enter judgment on the jury's decision, which it contends amounted to a verdict, in favor of WellStar. The fundamental flaw in WellStar's argument is that there was no verdict upon which to enter judgment.

"No legal verdict occurs until it is received and published in open court." (Citations and punctuation omitted.) *Cox v. State*, 279 Ga. 223, 225 (4) (610 SE2d

4

521) (2005). "Where a jury agree on their verdict, write it out, have it signed by their foreman, and deliver it to the clerk, by the direction and in the presence of the judge, it is published." (Citation and punctuation omitted.) *Bell v. State*, 163 Ga. App. 672, 674 (1) (295 SE2d 147) (1982). See also *Haughton v. Judsen*, 116 Ga. App. 308, 311 (2) (157 SE2d 297) (1967) (verdict published when it is received by clerk of court and, at direction of the judge, is read in open court). In this case, no verdict was received or published in open court. Although the jury sent a note to the judge indicating some unspecified decision as to WellStar, the jury did not write out a verdict, have it signed by the foreman, deliver it to the clerk, or have it read in open court. "Because no legal verdict occurs until it is received and published in open court, the unspecified [decision] reached by the jury, but not received or published by the trial court, was not a legal verdict in the case." (Citation and punctuation omitted.) *Brown v. State*, 310 Ga. App. 285, 287 (2) (712 SE2d 521) (2011). See also *State v. Lane*, 218 Ga. App. 126, 127 (460 SE2d 550) (1995) (note from jurors to judge indicating that they had acquitted defendant of murder was not a verdict because it was not received and published in open court); *Green v. State*, 208 Ga. App. 1, 2 (1) (429 SE2d 694) (1993) (although jury advised court that it had reached a verdict, there was no verdict at that point because it had not been received and

5

published in open court). Since there was no verdict upon which to enter a judgment, the trial court did not err in denying WellStar's motion.

*Case No. A12A1427*

3. *Jury charge.*

Bauer and Marietta OB/GYN contend that the trial court's jury charge on alternative theories of causation was erroneous. At oral argument, counsel for the Suttons conceded that the charge contained certain erroneous language. Given that concession, if any jury charge on this matter is requested on retrial, it will certainly be materially different from the one given in the first trial and discussed in the appellate briefs. The propriety of any such potential jury charge would be a matter "for the court below to address on remand, and the issues presented in the [current] cross-appeal may well turn out to be moot." *An v. Active Pest Control South*, 313 Ga. App. 110, 117 (720 SE2d 222) (2011). Under these circumstances, issuing an opinion as to the charge in question "would be, in essence, rendering an advisory opinion[.]" (Citation omitted.) *Ambati v. Board of Regents &c.*, 313 Ga. App. 282, 283 (721 SE2d 148) (2011). However, "Georgia appellate courts are not authorized to render advisory opinions as to potential error. [Cits.]" *Bibbins v. State*, 280 Ga. 283, 284–285 (627 SE2d 29) (2006). Accordingly, we do not reach this issue.

6

4. *Motion in limine.*

Bauer and Marietta OB/GYN claim that the trial court erroneously granted the Suttons' motion in limine to exclude all expressions of sympathy from them and their counsel at trial. But the trial court did no such thing.

At the motion in limine hearing, counsel for the appellants stated that he was not concerned about expressions of sympathy from the parties, but was concerned that the defense attorneys would not be allowed to say "something along the lines of . . . we're personally sorry about what happened to [the Suttons' son]." The court acknowledged "that there is a line where you can make sure the jury understands that you're not cold-hearted as a lawyer for the doctor." Counsel then responded, "That's really what I'm worried about, Your Honor. . . . [W]e have to . . . be able to do what you've pointed out, which is at least give the jury some impression that we're not just these . . . completely cold-hearted people who don't care anything about it." Thereafter, the court granted the motion in limine to exclude expressions of sympathy, sorrow and regret; but, the court also expressly ruled that "very limited statements can be made as to it being a sad situation or something of that nature. . . . [T]here are certain things you can say without crossing the line."

7

Thus, contrary to the appellants' claims, the trial court did not prevent them from expressing any sort of sympathy at trial. Rather, the trial court did exactly what counsel asked, which was to allow the defense attorneys to show the jury that they were not cold-hearted by making limited statements regarding the sad situation. As noted above, the appellants cannot complain about a ruling of the trial court which their own conduct helped induce. See *Lampley v. State*, 284 Ga. 37, 40 (4) (663 SE2d 184) (2008); *Wallace*, supra.

Furthermore, Bauer and Marietta OB/GYN have made no proffer of any specific expressions of sympathy from them or their counsel which the trial court did not allow. Absent such a proffer, they "cannot show that [they were] harmed by any of the trial court's rulings. [Cit.]" *Puckette v. John Bailey Pontiac-Buick-GMC Truck*, 311 Ga. App. 138, 139-140 (1) (714 SE2d 750) (2011).

*Judgment affirmed. Barnes, P. J., and Adams, J, concur.*