# Court of Appeals
# of the State of Georgia

ATLANTA,   January 09, 2023

*The Court of Appeals hereby passes the following order:*

## A22A1648. MAGWELL, LLC et al. v. SUSAN WELLS-WILSON et al.

This is the second time this family business dispute is before us. The first time, in *Wells v. Wells-Wilson*, 360 Ga. App. 646 (860 SE2d 185) (2021), we affirmed a superior court order vacating an arbitration award, but we remanded for the superior court to order the arbitrator to rehear certain limited issues. Following remittitur, the superior court entered a second order adopting our opinion and denying a request by the losing parties (Appellants here) to appoint a new arbitrator for the rehearing. Appellants now seek review of that order, and Appellees have moved to dismiss the appeal as interlocutory. Because this appeal presents nothing for us to review, we grant Appellees' motions and dismiss the appeal.

The facts and procedural history are set out in greater detail in our previous opinion and will be succinctly summarized here. See *Wells*, 360 Ga. App. at 649-650. Siblings Susan Wells-Wilson, Richard Wells, and Linda Palmer inherited a business from their parents. Wells-Wilson later initiated an arbitration action against Wells, Palmer, and two corporations related to the business (Magwell, LLC and First Nolia Enterprises, Inc.) pursuant to an operating agreement requiring arbitration of disputes in accordance with the rules of the American Arbitration Association ("AAA"). The arbitrator, Shelby Grubbs, issued a final award in favor of Wells-Wilson. Wells-Wilson sought confirmation of the award in superior court, while Wells, Magwell, and First Nolia sought to vacate it. The superior court concluded that no statutory ground existed to vacate the arbitrator's decision regarding the merits of the parties' dispute. However, the court entered an order vacating the award and remanding the case for a limited rehearing on certain issues ("the First Order").

Wells, Magwell, and First Nolia appealed the First Order to this Court. We issued a lengthy opinion affirming the superior court's decision to vacate the arbitrator's award, vacating certain portions of the superior court's order, and remanding with direction for the superior court to order a rehearing on the issue of arbitration expenses. *Wells v. Wells-Wilson*, 360 Ga. App. at 646.

Following remittitur to the superior court, Magwell filed an application for the appointment of a new arbitrator, claiming that Grubbs had ended his affiliation with the AAA during the pendency of the appeal and therefore was ineligible to serve as the arbitrator on rehearing. According to Magwell, the AAA indicated that despite Grubbs's disaffiliation, he could continue presiding over all pending arbitration matters until their conclusion. During a hearing on Magwell's application, the superior court stated that it would "leave it to the AAA to make that determination of whether [Grubbs] is qualified or disqualified." The court then entered a written order denying Magwell's application for a new arbitrator "for the reasons specified by the court at the hearing," adopting our appellate opinion, and ordering that "the arbitrator, Shelby Grubbs, or such arbitrator as the [AAA] Commercial Rules provide," should hold a rehearing on certain issues "in a manner consistent with this court's [First Order] and the Court of Appeals' Opinion" ("the Second Order"). Magwell, First Nolia, and Wells now appeal from the Second Order. Wells-Wilson and Palmer have moved to dismiss the appeal as interlocutory.

The portion of the Second Order adopting our opinion is the law of the case and not subject to review. See *Hicks v. McGee*, 289 Ga. 573, 577-578 (2) (713 SE2d 841) (2011) ("Under the 'law of the case' rule, any ruling by . . . the Court of Appeals in a case shall be binding in all subsequent proceedings in that case in the lower court and in . . . the Court of Appeals[.]"). And the portion of the Second Order denying the request for a new arbitrator likewise presents nothing to review. At the hearing, the superior court indicated that it would leave to the AAA the determination of whether Grubbs remained qualified to preside over the rehearing despite his disaffiliation from the organization. And the Second Order did not actually assign an arbitrator. Instead, it stated that the arbitrator would be Grubbs or such arbitrator as the AAA rules

provide. Thus, it appears that the identity of the rehearing arbitrator has not been finally determined, and "Georgia appellate courts are not authorized to render advisory opinions as to potential error." *WellStar Health System, Inc. v. Sutton*, 318 Ga. App. 802, 805 (3) (734 SE2d 764) (2012). See also *Pneumo Abex, LLC v. Long*, 357 Ga. App. 17, 29-30 (2) (849 SE2d 746) (2020) (matters that have not yet been resolved "present no error for this Court to review").

For these reasons, Appellees' motions to dismiss are GRANTED, and this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
    *Clerk's Office, Atlanta,   01/09/2023*

    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*